In the Matter of ALBANY CALCIUM LIGHT COMPANY, INC., Respondent, v STATE TAX COMMISSION, Appellant.

Third Department, February 10, 1977

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush* and *Ruth Kessler Toch* of counsel), for appellant.

*Ainsworth, Sullivan, Tracy & Knauf (Jeremiah F. Manning* of counsel), for respondent.

SWEENEY, J. P. This controversy requires us to pass upon the validity of appellant's determination that "demurrage" charges collected by petitioner were subject to New York State sales tax. The facts are undisputed and the issue is one of law. We find no precise case in point.

Petitioner is engaged in the business of selling industrial gases to commercial customers. The gases are contained in metallic cylinders which are delivered to petitioner's customers. By agreement the customers are allowed 30 days to use up the gas and return the empty cylinder to petitioner. Failure to return the empty cylinder within the 30-day period subjects the customer to an additional per diem charge known in the business as "demurrage". Petitioner collects a sales tax on the gas sold, but not on the demurrage charge. On August 17, 1973 the Sales Tax Bureau advised petitioner that it was liable for taxes and penalties for failure to collect sales tax on the demurrage charges. Petitioner requested a hearing and contended, as it does on this appeal, that the demurrage charge was a penalty and not subject to tax and in the alternative that, if taxable, petitioner was entitled to a credit for the sales tax paid when it originally acquired the cylinders. After a brief hearing appellant determined that the charges constituted a sale within the meaning of the Tax Law. It also concluded that the original purchase was not primarily for resale and, therefore, not tax exempt. The instant article 78 proceeding was commenced and Special Term annulled appellant's determination, concluding it was unreasonable and arbitrary. This appeal ensued.

The term "demurrage" was initially a maritime law expression denoting the amount charged for the delay of a vessel beyond the time allowed for loading, unloading or sailing. It later found application in the railroad industry. It has been defined as the amount agreed upon or the amount allowed by

law for unreasonable detention *(Clyde v Wood,* 189 App Div 737).

The special meaning the word "demurrage" has acquired in a particular industry is not necessarily controlling in the instant case. Neither is the common understanding of the word "sale" by the general public. We are here concerned with the construction of a tax statute and specifically with whether the collection of "demurrage" charges could be reasonably construed as a sale as defined by that statute. To resolve this issue we must examine the precise statutory language which defines "sale" as: "Any transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration" (Tax Law, § 1101, subd [b], par [5]). Appellant determined that the charge for the detention of the cylinders constituted a sale within the purview of this statute. The language of the statute is very broad and inclusive and clearly expresses an intent to encompass most transactions involving the transfer· or use of commodities in the business world.

Petitioner was primarily engaged in the selling of gas. The cylinder served as a container for storing the gas and as a means of transporting it to customers. It is reasonable to assume petitioner needed the empty cylinders returned expeditiously in order to continue the flow of gas to its customers. It is also reasonable to assume that the initial cost of the cylinders was an item considered in fixing the price of the gas. Any lengthy detention of the cylinders could also affect the cost of the gas and petitioner, therefore, properly made a charge therefor. Regardless of what one calls this charge, the effect is the same. The customer has the lawful use and possession of the cylinder for a charge, adding to the cost of the product. Considering the record in its entirety and in light of the principle that the construction given by an agency responsible for administering a statute should be upheld if not unreasonable or irrational *(Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Fredonia Prods. Co. v Procaccino,* 53 AD2d 275), we conclude that appellant's finding that the charge for the detention of the cylinders constituted a sale was neither arbitrary nor capricious.

We now pass to petitioner's alternate contention. A sales tax is imposed on retail sales of tangible personal property (Tax Law, § 1105, subd [a]). A retail sale does not include a

sale of tangible personal property for the purpose of resale (Tax Law, § 1101, subd [b], par [4]). Petitioner cogently argues that if the demurrage charge for the detention of the cylinders is determined to be a sale, then petitioner should be credited for the tax paid at the time it acquired the cylinders as the original transfer constituted a sale for the purpose of resale. We agree. While resale is not specifically defined in the statute, it is elementary that the prefix "re" is combined with a word to denote repetition. Logically, what would constitute a sale within the meaning of the statute would also constitute a resale. Consequently, if it is determined that the charge for the detention of the cylinders is a sale within the meaning of section 1101 of the Tax Law, it follows that the same meaning must apply to the term resale as it is used in this same section. To conclude otherwise is illogical and unrealistic and produces an inequitable and unfair result. We find no language in the statute authorizing appellant's rejection of petitioner's alternative contention by concluding "the purchase or lease of the cylinders is not *primarily* for the purpose of resale". In our view, the finding by appellant that petitioner's original acquisition of the cylinders was not a sale for resale and not tax exempt is irrational and unreasonable. Petitioner is entitled to credit for the sales tax paid at the time it acquired the cylinders. Therefore, the judgment at Special Term should be reversed and the determination of the Tax Commission modified so as to annul so much of the determination as determined that petitioner's original acquisition of the cylinders was not a sale for resale and not tax exempt, and as so modified confirmed. The matter must be remitted to the Tax Commission for a computation of the credit to be given petitioner for the sales tax paid at the time it acquired the cylinders.

The judgment should be reversed, on the law, without costs; the determination of the Tax Commission should be modified by annulling so much thereof as determined that petitioner's original acquisition of the cylinders was not tax exempt; the matter should be remitted to the Tax Commission for further proceedings not inconsistent herewith, and, as so modified, confirmed.

KANE, MAHONEY, MAIN and LARKIN, JJ., concur.

Judgment reversed, on the law, without costs; determination of the Tax Commission modified by annulling so much thereof

as determined that petitioner's original acquisition of the cylinders was not tax exempt; matter remitted to the Tax Commission for further proceedings not inconsistent herewith, and, as so modified, confirmed.