■     In the Matter of Albany-Edison Oxygen Co., Inc., Petitioner, v James H. Tully, Jr., et al., Constituting the State Tax Commission, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a sales and use tax assessment imposed under articles 28 and 29 of the Tax

Law. Petitioner, Albany-Edison Oxygen Co., Inc. is in the business of selling industrial and medical gases, which are delivered to its customers in metallic cylinders. Those customers which do not return the cylinders within 30 days must pay an additional per diem charge of seven cents per cylinder, known in the business as "demurrage". The State Tax Commission, by determination dated April 29, 1976, sustaining a notice of determination and demand for payment of sales and use taxes due in the sum of $11,536.19, including penalties and interest, found that these demurrage charges were subject to the New York State and local sales taxes (Tax Law, § 1105, subd [a]). The commission further found that petitioner was obligated to pay the 3% Albany County sales tax which was mistakenly omitted from the bills of one of its suppliers. In this proceeding petitioner objects to the conclusions of the respondent and, in addition, sets forth several other defenses and partial defenses to the April 29, 1976 determination. This court has recently ruled that such demurrage charges are subject to the sales tax because of the "broad and inclusive" language defining a "sale" contained in section 1101 (subd [b], par [5]) of the Tax Law *(Matter of Albany Calcium Light Co. v State Tax Comm.,* 55 AD2d 502, 504). In the *Albany Calcium Light* case we further decided that the petitioner was entitled to credit for the sales tax paid at the time it acquired the cylinders and remitted the matter for a computation of such credit. (See Tax Law, § 1101, subd [b], par [4].) Despite respondent's arguments to the contrary, we reach the same result in the instant proceeding for the reasons cited in *Matter of Albany Calcium Light Co. v State Tax Comm. (supra).* We have considered the other arguments of petitioner and find them to be without merit. A customer, as the petitioner herein, does not escape liability for sales tax properly due and owing merely because the person required to collect the tax has violated the statutory duty with respect thereto (Tax Law, §§ 1132, 1133, subd [a]). In such event "such tax shall be payable by the customer directly to the tax commission and it shall be the duty of the customer to file a return with the tax commission and to pay the tax to it within twenty days of the date the tax was required to be paid" (Tax Law, § 1133, subd [b]). Petitioner's argument that it has paid $225 of the additional taxes in question finds insufficient support in the record. We similarly reject petitioner's argument that it is subject to the 2% local sales rate for Columbia County rather than the 3% Albany County rate. Petitioner's own verified petition alleges that "petitioner operated a business * * * with its sole place of business at 2005 Central Avenue, Town of Colonie, Albany County, New York". We find no abuse of discretion in respondent's failure to remit the penalties and interest charged to petitioner (Tax Law, § 1105, subd [a], par [1]). Determination of the tax commission modified by annulling so much thereof as determined that petitioner's original acquisition of the cylinders was not tax exempt, matter remitted to the tax commission for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.