OPINION OF THE COURT
Hortense W. Gabel, J.
In this declaratory judgment action, plaintiff moves for summary judgment. Since there is no dispute as to the facts, they will not be set forth at length here.
The issue to be determined is whether a food service corporation (plaintiff) which operates in-house restaurant facilities for employees, under contracts with various employers, is liable for sales tax on reimbursed costs, management fees and subsidy payments which are received from the corporate clients pursuant to various contracts in which the employees either do not pay for the food or pay a small portion.
The issue had been presented to a hearing officer selected by the defendant. His conclusions of law (a recommendation not *1129 binding on defendant) were rejected by the defendant. Section 1105 of the Tax Law imposes a tax of 4% upon, inter alia, "The receipts from every sale of beer, wine or other alcoholic beverages or any other drink of any nature, or from every sale of food and drink of any nature or of food alone, when sold in or by restaurants, taverns or other establishments in this state, or by caterers, including in the amount of such receipts any cover, minimum, entertainment or other charge made to patrons or customers * * * (1) in all instances where the sale is for consumption on the premises were sold”. (Tax Law, § 1105, subd [d], par [i].)
Section 1115 (subd [a], par [1]) of the Tax Law exempts from retail sales tax under subdivision (a) of section 1105 "[fjood, food products, beverages, dietary foods and health supplements, sold for human consumption”. It is provided further therein that "[n]othing herein shall be construed as exempting food or drink from the tax imposed under [subdivision (d) of section 1105 of the Tax Law].” This statutory exemption to the retail sales tax provisions of subdivision (a) of section 1105 on the receipts from the sale of tangible personal property specifically exempts the sale of food by grocers, supermarkets and similar establishments for consumption in the home. (NY Legis Ann, 1965, p 432.)
Thus, the sole issue is whether under section 1105 (subd [d], par [i]) the receipts by plaintiff from its corporate clients are taxable.
If there is an apparent inconsistency or ambiguity in the statute, the taxpayer is entitled to the reading thereof which is most favorable to him (American Cyanamid & Chem. Corp. v Joseph, 308 NY 259).
The court finds that section 1105 (subd [d], par [i]) of the Tax Law is unambiguous and is applicable to the plaintiffs method of supplying food and drink to the corporations for their employees’ use. There is no distinction to be drawn between the plaintiffs billing of food components as opposed to entire meals to individuals.
The amounts received from the corporate clients under the reimbursed costs, subsidy and management fee arrangements are sales of food and drink within the intent and meaning of the statute. It matters not that the employees, for the most part, received the food and drink without cost to them. The plaintiffs operation, analogous to that of a caterer, constitutes a sale.
*1130 Accordingly, the motion is denied and rights of the parties have been declared. The determination made by the defendant is in all respects correct.