■ In the Matter of Food Concepts, Inc., Petitioner, v State Tax Commission, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent

which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The Drinx Plus Company, a wholly owned subsidiary of petitioner that was later merged into petitioner, contracted in 1975 with European American Bank (EAB) to provide food service to EAB employees. Those employees purchased food from Drinx Plus at prices that reflected the subsidy that was being paid by EAB to Drinx PLus so that the employees could enjoy lower food prices. Petitioner entered into a similar agreement with EAB in 1978. In 1979, the Audit Division of the Department of Taxation and Finance issued a notice of determination to EAB which, *inter alia,* found EAB to be liable for sales taxes totaling $72,093.95, plus penalties and interest, upon its payments of the aforementioned food subsidies during the period from March 1, 1975 to November 30, 1978.

Thereafter, hearings were conducted and petitioner informed respondent that it planned to indemnify EAB for any amount of sales tax that EAB was found to be owing by virtue of EAB's relationship with petitioner and Drinx Plus. At the hearings, it was the position of petitioner that it had indeed collected and paid sales tax on the subsidies, but that its records precisely indicating sales tax amounts paid in connection with its EAB food operations for the aforementioned audit period had either been lost or discarded. Subsequently, respondent issued its decision which, *inter alia,* found that the Audit Division had correctly assessed EAB for sales tax upon the subsidies that it had paid to petitioner and Drinx Plus. Petitioner then commenced this proceeding.

We note initially that petitioner does not quarrel with the fact the subsidy payments made by EAB were subject to sales tax *(see, Stouffer Mgt. Food Serv. v Tully,* 98 Misc 2d 1128, *affd* 69 AD2d 1023, *lv denied* 47 NY2d 709). Petitioner instead asserts that it has already paid to the State the very sales tax amounts that are now being sought from EAB. As for the fact that it no longer possesses records to support such a contention, petitioner points to Tax Law § 1135 (d), which calls for the preservation of required records for a period of three years.

The record before us contains the contracts between EAB and both petitioner and Drinx Plus, as well as invoices that had been issued to EAB by Drinx Plus during the audit period. It is apparent from our reading of these documents and others contained in the record that EAB neither was

separately charged for nor separately paid sales tax on the subsidy payments made to petitioner and Drinx Plus. While petitioner's argument that the amounts stated on the invoices were inclusive of sales tax is not so incredible as to be beyond belief, we cannot say that respondent's determination that such amounts did not include such tax is irrational, especially since petitioner and Drinx Plus were statutorily obligated to separately state the amount of sales tax on such invoices *(see,* Tax Law § 1132 [a]; *Matter of Hanratty's/732 Amsterdam Tavern v New York State Tax Commn.,* 88 AD2d 1028, 1029, *lv denied* 57 NY2d 608, *appeal dismissed* 57 NY2d 954; *see also,* 51 NY Jur, Sales and Use Taxes, §§ 85, 86, at 411 [1966]). Accordingly, because there was no conclusive proof that Drinx Plus and petitioner ever collected sales tax on the subsidies or that EAB ever paid such tax, respondent was justified in proceeding directly against EAB *(see,* Tax Law § 1133 [b]; *Matter of Albany-Edison Oxygen Co. v Tully,* 58 AD2d 933, 934, *revd on other grounds* 44 NY2d 988).

As for petitioner's argument that it did indeed collect from EAB and then forward to the State the sales tax collected on the subsidies but that it may no longer properly be required to produce its records substantiating this since the three-year period of Tax Law § 1135 (d) has passed, it need only be noted that respondent's assessment of tax due was directed here against EAB, not petitioner. Had the assessment been directed against petitioner, it could then have properly asserted the three-year period of Tax Law § 1135 (d) defensively. Here, however, petitioner has rendered itself liable for the tax due only by virtue of its voluntary agreement to indemnify EAB, and such an agreement cannot work to preclude respondent from proceeding against EAB directly pursuant to Tax Law § 1133 (b).

Finally, we reject petitioner's remaining arguments. We specifically submit that there is no merit to the contention that this court, even if it sustains respondent's assessment of sales tax due, should annul respondent's determination insofar as it also assessed interest and penalties. Interest and penalties may properly be assessed unless it is shown that the failure to timely pay the tax in question was due to reasonable cause and not due to willful neglect (Tax Law § 1145 [a] [1] [iii]). No such showing has been made in this case. In sum, respondent's determination is neither arbitrary nor capricious and should be confirmed.

Determination confirmed, and petition dismissed, without

costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.