*223 OPINION OF THE COURT
John A. Mastrella, J.
The plaintiff, Henry J. Vogel, has brought a declaratory judgment action requesting a determination that plaintiff is not personally liable for unpaid sales taxes imposed upon a corporation known as Maxwell’s Silver Hammer, Ltd. Plaintiff is now moving for a preliminary injunction in this action to restrain the defendants from collecting such sales taxes from him.
This action involves the unsettled question of whether a corporate officer who is not involved in the operation and management of a corporation may be held personally liable for the unpaid sales taxes owed by the corporation.
For purposes of this motion the facts are uncontested. Plaintiff, along with Robert Montenari, is a shareholder owning 50% of a corporation, a restaurant, and a bar known as Maxwell’s Silver Hammer, Ltd. located at 1100 Jefferson Road, Rochester, New York. Plaintiff is also the secretary of the corporation. The business was incorporated in November, 1975. The bar has been in operation since February, 1976, and the restaurant since May, 1977. Since the incorporation of the business to date, plaintiff claims he has never taken an active role in its operation other than making loans to the business. Plaintiff has not maintained the corporation’s financial books and records and has never had the responsibility of collecting sales taxes or preparing sales tax returns for the business.
In 1978 the New York State Tax Commission determined that the corporation owed $21,492.66 in sales taxes for the period from August, 1977 until February, 1978. Furthermore, attempts to collect the unpaid taxes from either the corporation or Robert Montenari have been fruitless.
On September 20, 1978 the Sales Tax Bureau issued its notice and demand for payment to the plaintiff. Plaintiff was then subpoenaed to appear before the tax commission and give testimony on October 3, 1978. The matter was adjourned to November 3, 1978 when plaintiff appeared with his counsel before the Sales Tax Bureau in Rochester, New York. At this hearing plaintiff was advised that a warrant and judgment for the collection of the unpaid sales taxes would be immediately filed against him. Plaintiff was also advised that, contrary to his request, he was not entitled to an administrative hearing prior to the collection of the taxes. On the same day, Novem *224 ber 3, 1978, plaintiff applied for and obtained a temporary restraining order prohibiting the defendants from collecting such sales taxes pending the outcome of this application.
Plaintiff argues that as an investor and passive officer of the corporation he is not personally liable for the unpaid sales taxes owed to the State of New York. In opposition, the Attorney-General argues that the plaintiff is personally liable for the taxes under subdivision (1) of section 1131 and subdivision (a) of section 1133 of the Tax Law simply because he is an officer of the corporation.
The only reported decision which has directly passed on the issued raised by the plaintiff in this case is Chevlowe v Koerner (95 Misc 2d 288; cf. Stacy v State of New York, 82 Misc 2d 181). In that case the plaintiff was president and in complete control of a corporation which merged with a parent corporation and then became a subsidiary corporation. After the merger, plaintiff became vice-president of the parent corporation and no longer participated in the day-to-day management of the subsidiary corporation, the control of its financial affairs, the right to hire and fire employees, or the preparation or signing of its sales tax returns. The tax commission attempted to hold plaintiff personally liable for sales taxes imposed on the subsidiary corporation subsequent to the merger.
The court held that "the holding of corporate office does not, per se, impose liability upon the officeholder” and that based upon the facts of that case the plaintiff was not personally liable for the sales taxes imposed on the subsidiary corporation (Chevlowe v Koerner, supra, p 392). In so holding, the court relied upon the Federal court interpretation of the Internal Revenue Code and the indicia these courts use for determining whether a corporate officer is a person who must personally account for and pay over unpaid withholding and employment taxes (Chevlowe v Koerner, supra, pp 391-392; Datlof v United States, 252 F Supp 11, 32-33).
Prior to reaching this conclusion, however, it would appear that it must first be determined whether such an exemption from personal liability for a "silent” corporate officer is permissible under article 28 of the Tax Law. Thus, the resolution of the plaintiff’s personal liability in the present case turns on the problem of proper statutory construction and the ascertainment of legislative intent.
Subdivision (1) of section 1131 of the Tax Law defines a *225 "person” who is required to collect sales taxes:* " 'Persons required to collect tax’ or 'person required to collect any tax imposed by this article’ shall include: every vendor of tangible personal property or services; every recipient of amusement charges; and every operator of a hotel. Said terms shall also include any officer or employee of a corporation or of a dissolved corporation who as such officer or employee is under a duty to act for such corporation in complying with any requirement of this article and any member of a partnership.” (Emphasis supplied.) Subdivision (a) of section 1133 then imposes personal liability for the tax imposed on "every person required to collect any tax imposed by this article”.
As an axiom of construction of article 28 of the Tax Law, courts hold that this article must be strictly construed in favor of the taxpayer because a sales tax is a special tax (Matter of Bes Corp. v Tully, 61 AD2d 1097, 1098; Matter of American Locker Co. v Gallman, 38 AD2d 105, affd 32 NY2d 175; Bathrick Enterprises v Murphy, 27 AD2d 215, 217). Furthermore, the Court of Appeals has admonished that while the language of the Tax Law should be literally construed, it should also be interpreted to give proper effect to its "settled purpose” under the facts of the particular case (Engle v Talarico, 33 NY2d 237, 240; cf. Matter of Parsons v State Tax Comm., 34 NY2d 190) and not simply rely upon canons of construction (cf. Matter of County-Wide Ins. Co. v Wagoner, 45 NY2d 581, 588).
Given these principles in conjunction with the pertinent statutory language, it is apparent that the construction urged by the plaintiff is permissible.
The general language of subdivision (1) of section 1131, defining persons who are required to collect taxes, includes only those officers of a corporation who are "under a duty to act for such corporation.” The resolution of whether an officer is under a duty to act, then, turns on a factual determination (cf. Harcel Liqs. v Evsam Parking, 61 AD2d 967, 968).
Indicia of this duty would include factors which directly relate to compliance with article 28, such as the officer’s day-to-day responsibilities and involvement with the financial affairs and management of the corporation, his knowledge of such matters, the officer’s duties and functions outlined in the *226 certificate of incorporation and the by-laws, and the preparation and filing of sales tax forms and returns (see Chevlowe v Koerner, 95 Misc 2d 388, 391-392, supra). Furthermore, in situations involving closely held corporations, as in the present case, an officer’s knowledge of the corporate affairs and his benefits received from corporate profits would be extremely important considerations.
Additionally, the Legislature’s action in amending the definition of "persons required to collect taxes” in subdivision (1) of section 1131 of the Tax Law in the same session as its enactment re-enforces the validity of this court’s interpretation of the pertinent statutory language.
As originally enacted by chapter 93 of the Laws of 1965, subdivision (1) of section 1131 of the Tax Law was drafted so that a "person” who is required to collect taxes included a member of a partnership who, like an officer of a corporation, was under a duty to act for such partnership. Later in the same session, however, section 1131 was amended by chapter 575 of the Laws of 1965 and the statutory definition of a person required to collect taxes was changed to include a member of a partnership regardless of whether such member is under a duty to act for the partnership. The limiting statutory language pertaining to the requirement that an officer be under a duty to act for the corporation, however, was not altered in any manner. Thus, this further demonstrates the legislative intent, as manifested in the statutory language, to limit the personal liability of corporate officers for unpaid sales taxes to those officers who play an active role in the corporation’s affairs and management (see, generally, McKinney’s Cons Laws of NY, Book 1, Statutes, § 191; 56 NY Jur, Statutes, § 94).
Nor would legislative policy underlying article 28 of the Tax Law be circumvented by this court’s interpretation of subdivision (1) of section 1131. As set forth in a memorandum on chapter 93 of the Laws of 1965, the division of the budget commented on the legislative purpose behind the new statute: "Statewide administration of local taxes on sales, admissions * * * and restaurant meals * * * should stem avoidance and evasion of existing levies, provide a more efficient mechanism for collection, and simplify compliance by vendors.” (NY Legis Ann, 1965, p 435.) It is clear that by limiting the personal liability for unpaid sales taxes to officers who are actively involved in corporate affairs, the State-wide administration of *227 sales taxes will not be hindered or rendered inefficient. Furthermore, there is no legitimate reason for conjecture that evasion of sales taxes would increase because the State has such a broad range of remedies available to assure effective supervision and collection of sales taxes (see, e.g., Tax Law, §§ 1135, review and inspection of records; 1136, quarterly filing of returns; 1137, payment of taxes; 1138, determination of tax and administrative procedures to collect taxes; 1141, court proceedings and additional administrative procedures to collect taxes; 1143, administration of oaths and compelling testimony in any matter under art 28; 1145, civil and criminal sanctions for violation of article 28; see, also, Marine Midland Bank-Cent. v Gleason, 62 AD2d 429, 435, "from the time the tax warrant is docketed it becomes a lien upon both the real and personal property of the delinquent taxpayer”).
The regulation of the Department of Taxation and Finance defining persons required to collect sales taxes also supports this court’s holding. The regulation (20 NYCRR 526.11 [b] [1], [2]) provides: "(b) Corporate officers and employees. (1) Every officer or employee of a corporation, or of a dissolved corporation who is under a duty to act for such corporation in complying with any requirements of the sales tax law is a person required to collect tax. (2) Whether an officer or employee of a corporation is a person required to collect, truthfully account for, or pay over the sales or use tax is to be determined in every case on the particular facts involved. Generally, a person who is authorized to sign a corporation’s tax returns or who is responsible for maintaining the corporate books, or who is responsible for the corporation’s management, is under a duty to act.” (Emphasis supplied.) Thus, it is clear the Department of Taxation and Finance also recognizes that the personal liability of a corporate officer for unpaid sales taxes imposed on the corporation is a factual question in every instance. And if this administrative agency fails to follow its own regulation, its action would be deemed arbitrary and capricious (Matter of Dobbs Ferry Hosp. Assn. v Whalen, 62 AD2d 999; Matter of Severino v Ingraham, 59 AD2d 587).
While it is clear that the secretary of a corporation is generally considered a managing agent and a fiduciary of a corporation (Business Corporation Law, § 715, subd [h]; 12 NY Jur, Corporations, §§ 631, 716, 717, 719), such officer is not held to be an insurer for the corporation (12 NY Jur, Corpora *228 tions, § 722). This officer is only held to the performance of his duties with the ordinary care a normal prudent person would use under similar circumstances, and the officer also may rely on reports and information supplied by other officers (Business Corporation Law, § 715, subd [h], par [1]; see, also, Business Corporation Law, § 720). Thus, unless the Legislature expressly provides, there is no sound reason or policy for imposing more stringent standards for personal liability of an officer for payment of sales taxes than such officer would be subject to in other situations.
Accordingly, plaintiff has sufficiently demonstrated that he is entitled to a preliminary injunction restraining the defendant from collecting taxes and filing a warrant pending a hearing on his application for a permanent injunction.
Plaintiffs second claim that he was entitled to an administrative hearing prior to the collection of the tax is without merit. The Court of Appeals has held that the State Tax Commission may only hold administrative hearings as authorized under section 1138 of the Tax Law (Matter of Parsons v State Tax Comm., 34 NY2d 190, 196-197, supra). Nor does the failure to provide plaintiff a hearing prior to the collection of taxes produce a due process violation (see Clove Lakes Nursing Home v Whalen, 45 NY2d 873). The hearing procedures provided under section 1138 amply protect a taxpayer’s property rights.
In light of this court’s granting the plaintiff a preliminary injunction, the Attorney-General’s application to vacate the temporary restraining order is moot.

 The only other place "person” is defined in article 28 of the Tax Law is in subdivision (a) of section 1101 but this definition does not provide any guidance for the resolution of the issue in the present case.