In the Matter of JANICE BLODNICK et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent.—Main, J. P.

In this CPLR article 78 proceeding, petitioners, the sole officers and shareholders of Precision Maintenance Corporation, contend that they were improperly assessed sales and use taxes because (1) they were not persons required to collect such taxes, (2) the basis for the field audit conducted by the Audit Division of the Department of Taxation and Finance was never established, and (3) respondent engaged in inordinate administrative delay in reviewing the assessment. With regard to the first point, it is petitioners' contention that they are but "nominal" officers of the corporation, having no responsibility for its day-to-day operation or its financial affairs. While we agree that "the holding of corporate office does not, per se, impose [tax] liability upon the officeholder" *(Chevlowe v Koerner,* 95 Misc 2d 388, 392; *accord, Vogel v New York State Dept. of Taxation & Fin.,* 98 Misc 2d 222, 224), we do not agree that respondent improperly assessed petitioners.

The Tax Law imposes personal liability for taxes required to be collected under Tax Law article 28 upon a person required to collect such tax (Tax Law § 1133 [a]). A person required to collect such tax is defined as "any officer, director or employee of a corporation * * * who as such officer, director or employee is under a duty to act for such corporation * * * in complying with any requirement of [article 28]" (Tax Law § 1131 [1]). Pertinent inquiries in determining whether a person has such a duty to act for the corporation include, *inter alia,* authorization to sign the corporate tax return, responsibility for management or maintenance of the corporate books, authorization to hire or fire employees, derivation of substantial income from the corporation or stock ownership *(see,* 20

NYCRR 526.11 [b] [2]; *Matter of Rosenblatt v New York State Tax Commn.*, 114 AD2d 127, 131, *revd in part on dissenting opn below* 68 NY2d 775; *Matter of Capoccia v New York State Tax Commn.*, 105 AD2d 528, 529). Here, the only officers and shareholders of the corporation, otherwise unemployed outside their homes, completely ignored their corporation, demonstrating a complete dereliction of their duties. Indeed, it appears that petitioners were even unaware of the location of their corporate offices. This court has noted that "corporate officials responsible as fiduciaries for tax revenues cannot absolve themselves merely by disregarding their duty and leaving it to someone else to discharge" *(Matter of Ragonesi v New York State Tax Commn.*, 88 AD2d 707, 708; *accord, Matter of Capoccia v New York State Tax Commn., supra)*. Given petitioners' positions as the sole officers and shareholders of the corporation, together with the fact that they were unable to relate who, if not they, was responsible for collection of taxes, respondent's finding that petitioners were the correct parties for assessment of taxes was neither arbitrary nor capricious. The fact that petitioners did not in fact exercise their responsibilities is irrelevant.

We next note that, contrary to petitioners' assertions, the Audit Division is not responsible for demonstrating the propriety of the assessment, including the basis for its audit. The taxpayer is responsible for establishing by clear and convincing evidence that the method used to arrive at the assessment and the assessment itself are erroneous; the Audit Division does not bear the burden of making the demonstration *(see, Matter of Scarpulla v New York State Tax Commn.*, 120 AD2d 842; *Matter of Micheli Contr. Corp. v New York State Tax Commn.*, 109 AD2d 957, 959). We further find that petitioners have failed to carry their burden. The evidence petitioners produced to demonstrate that much of the corporation's work was warranty work not subject to sales tax *(see, 20 NYCRR 527.5 [d] [4])* did not even attempt to approximate the amount of such work. Petitioners thus have failed to meet their burden. To the extent that petitioners object to the introduction of hearsay evidence at their hearing, we simply note that the "legal residuum rule" upon which they rely is no longer the governing standard under State law *(see, People ex rel. Vega v Smith*, 66 NY2d 130, 139).

Finally, we find that respondent did not engage in administrative delay justifying granting the petition. Petitioners did not raise this issue before respondent. Moreover, since respondent is not permitted to schedule a hearing on such a matter

until a petitioner files a perfected petition *(see,* 20 NYCRR 601.6 [b]), and since the hearing in this case was held eight months after filing of the perfected petition, respondent did not engage in inordinate administrative delay. Petitioners also have not demonstrated reasonable cause for failing to pay the taxes in question at the time they were due, and thus are not entitled to remittance of interest and penalties *(see,* 20 NYCRR former 536.1 [now 20 NYCRR 536.5]).

Determination confirmed, and petition dismissed, with costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.