■ In the Matter of PAUL COHEN, Petitioner, v STATE TAX COMMISSION, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

This CPLR article 78 proceeding involves the question of whether petitioner, a full-time attorney and vice-president and secretary of Standard Beauticians Supply, Inc. (Standard), is personally liable for payment of sales and use taxes owed by

Standard as a person required to collect such taxes pursuant to Tax Law § 1133 (a). Petitioner contends that the facts presented to respondent demonstrated that he was not involved in Standard's day-to-day operations, performed no duties in his capacities as vice-president and secretary, never signed checks for Standard although authorized to do so and never prepared or signed Standard's tax returns. Hence, he asserts, he could not be considered a person required to collect sales and use taxes. We disagree, and accordingly confirm respondent's determination.

On review of a determination of respondent, petitioner bears the burden of proving that the record has insufficient facts to support respondent's determination; the determination must be upheld if it has a rational basis and there is substantial evidence in support thereof *(Matter of Rosenblatt v New York State Tax Commn.,* 114 AD2d 127, 132 [Mikoll, J., concurring in part and dissenting in part], *revd in part on dissenting opn below* 68 NY2d 775). In a case such as that presented here, a person required to collect a sales or use tax is defined as "any officer or employee of a corporation * * * who as such officer or employee is under a duty to act for such corporation in complying with any requirement of [art 28]" (Tax Law former § 1131 [1], as amended by L 1985, ch 65, § 77). The determination of whether a person has such a duty is factual *(Matter of Rosenblatt v New York State Tax Commn., supra,* at 131) and pertinent factors in making the determination include the authority to hire and fire employees, status as an officer, director or stockholder, authority to sign checks and prepare returns, responsibility for management and derivation of substantial income from the corporation *(see,* 20 NYCRR 526.11 [b] [2]; *Matter of Blodnick v New York State Tax Commn.,* 124 AD2d 437; *Matter of Rosenblatt v New York State Tax Commn., supra,* at 131; *Matter of Capoccia v New York State Tax Commn.,* 105 AD2d 528, 529).

Here, based on these standards, respondent's determination has a rational basis and substantial evidence in support thereof. Petitioner was an officer and stockholder of the corporation and had the authority to sign checks on its behalf. The fact that he did not actually perform duties in this regard does not operate, in and of itself, to absolve petitioner of responsibility *(cf., Matter of Blodnick v New York State Tax Commn., supra).* More importantly, however, evidence was presented showing petitioner's involvement in management decisions concerning Standard: he negotiated loans on Standard's behalf, he was routinely consulted about Standard's

operation, he participated in the hiring of at least one employee, and he was responsible for arranging for payment of certain Federal taxes which were owed. Although it appears that petitioner was not responsible for Standard's daily management, it is clear that he played an active role in Standard's over-all management. Under these circumstances, we cannot say that respondent's determination was not supported by substantial evidence.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.