■ In the Matter of SHELDON D. BASCH, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which partially sustained a personal income tax assessment imposed under Tax Law article 22.

In 1961, petitioner incorporated Basch Advertising, Inc. (hereinafter Basch), a commercial advertising firm. Petitioner and his wife held all the stock in Basch until later 1964 when Maxwell Proujansky brought the company a very large account and, as a result, became a 50% shareholder. Petitioner was president of Basch and Proujansky was its vice-president. As an artist, petitioner's primary interest was in the creative side of the business, whereas Proujansky's role was to focus on the financial aspects of the business. Indeed, in August 1976, petitioner and Proujansky entered into a written resolution

whereby it was agreed that petitioner was to have "primary responsibility" for copy and art production and Proujansky was to have "primary responsibility" for financial affairs. The relationship between petitioner and Proujansky eventually eroded and, on November 9, 1978, petitioner sold his stock to Proujansky. Major clients were later lost and the business closed in mid-1979.

In July 1981, the Department of Taxation and Finance notified petitioner that Basch had failed to pay its State withholding taxes for portions of 1976 and 1977 and all of 1978. Proujansky died in 1982 and, in January 1983, the Audit Division assessed a penalty in the amount of $23,326.55 against petitioner, pursuant to Tax Law § 685 (g), for the personal income taxes which had been withheld from the paychecks of Basch employees but had not been sent to the Department.

A petition for redetermination of the deficiency was filed and a formal hearing ensued. Respondent modified the penalty by finding that petitioner was not responsible for the unpaid taxes which occurred after he sold his interest in the business in November 1978, but otherwise affirmed the Audit Division's assessment. This proceeding, transferred to this court, followed.

A person responsible for the collection and payment of employee withholding taxes who willfully fails to perform those duties is subject to personal liability for the unpaid taxes (Tax Law § 685 [g]). Whether a particular individual is such a responsible "person", as that term is defined in Tax Law § 685 (n), is a factual determination for respondent which must be upheld if supported by substantial evidence (*Matter of Ragonesi v New York State Tax Commn.*, 88 AD2d 707). The factual nature of the determination precludes an exhaustive list of factors to be considered; however, some of the often-stated relevant factors include "whether the taxpayer owned stock, signed the tax returns, exercised authority over employees and assets of the corporation, derived substantial income from the corporation, or served as an officer or employee thereof" (*Matter of Capoccia v New York State Tax Commn.*, 105 AD2d 528, 529). Here, petitioner was president and half owner of Basch. He received an annual salary of $40,000 from the company and had extensive power over the company's employees. Although he exercised it sparingly, petitioner had authority to sign on the company's checking accounts. In one instance, he executed a State tax form on behalf of Basch. Consequently, respondent's determination that petitioner was

a "person" charged with collecting employee withholding taxes is supported by substantial evidence and must be upheld.

Relying primarily on his lack of active involvement in the financial aspects of Basch, petitioner asserts that substantial evidence does not support respondent's determination that he willfully failed to collect and pay the relevant taxes. The statutory term "willful" has been interpreted as not requiring an intent to deprive the State of its money but merely an act, default or conduct voluntarily done with knowledge that, as a result, trust funds belonging to the government will be used for other purposes *(Matter of Levin v Gallman,* 42 NY2d 32, 34; *Matter of McHugh v State Tax Commn.,* 70 AD2d 987, 989). Corporate officials responsible as fiduciaries for tax revenues cannot shelter themselves from a finding of "willfulness" merely by disregarding their duty and leaving it to someone else to discharge *(Matter of Capoccia v New York State Tax Commn., supra,* at 529; *Matter of Ragonesi v New York State Tax Commn., supra,* at 708). In addition to petitioner's position in the company, there was evidence that petitioner was aware that Proujansky had failed to pay Federal withholding taxes for a corporation which was described by petitioner's accountant as "essentially identical" to Basch. We are thus constrained to conclude that respondent's determination that petitioner's nonpayment of taxes was "willful" is supported by the record.

Finally, petitioner argues that the assessment was time barred. Generally, a tax must be assessed within three years of the date when the return was filed (Tax Law § 683 [a]). However, if no return is filed, the three-year limitations period is inapplicable (Tax Law § 683 [c] [1] [A]; *Matter of Arbesfeld, Goldstein v State Tax Commn.,* 62 AD2d 627, 630). Although it is undisputed that no corporate withholding tax returns were filed for the relevant years, petitioner contends that Basch's annual reconciliation forms provided the same information and thus triggered the Statute of Limitations. We cannot agree. It is only the filing of the prescribed return which commences the running of the limitations period *(see, Matter of Hewitt v Bates,* 297 NY 239, 245; *Peters v State Tax Commn.,* 18 AD2d 886, 887).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ RONALD FARRA, Individually and as Father of JOHN