■ In the Matter of BERTRAND DORFMAN, Petitioner, v RODERICK G. W. CHU et al., Constituting the New York State Tax Commission, Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner concedes that he is a person required by law to collect and pay over withholding taxes that he failed to remit between April 1, 1981 and December 31, 1981 but challenges the imposition of a penalty under Tax Law § 685 (g), arguing that substantial evidence of a *willful* failure on his part to

pay those taxes is lacking. A failure to pay over tax will be deemed willful if shown not to be the product of duress or inadvertence *(see, Matter of Levin v Gallman,* 42 NY2d 32, 34; *Matter of Auerbach v State Tax Commn.,* 142 AD2d 390, 395).

Petitioner, the president and chairman of the board of Codata Corporation, asserts that following the filing of a criminal information charging him, his brother and Codata with 20 counts of violating Labor Law §§ 198-a and 198-c, he was instructed by a Department of Labor employee that the charges would be dropped if he turned over to the Department all money available to him to satisfy net wage (i.e., gross pay minus payroll deductions) and vacation supplement obligations owed to Codata employees relating to the charges. At the formal tax hearing underlying this proceeding, petitioner testified that he was specifically instructed not to hold back available funds for the purpose of paying withholding taxes, but instead to use such funds in their entirety to reduce his obligation under the Labor Law. However, the only Department of Labor official to testify, the investigator who filed the criminal information, stated that he did not direct any representative of Codata not to pay State withholding taxes, nor to his knowledge did anyone else in the Department. This was sufficient to create a credibility issue which the State Tax Commission was at liberty to resolve against petitioner.

Also supporting the Tax Commission's decision is the fact that Codata has continued to function as an ongoing business, apparently even to today, over the course of which petitioner regularly filed withholding tax returns, an obligation of which he admits he was fully aware. Even during the period in question, petitioner continued to file monthly returns, though he failed to remit the taxes that were due therewith. However, during this same period in 1981, Codata incurred necessary expenses, including a modest salary for petitioner, demonstrating that petitioner understood that the direction to forward all available money to the Department of Labor did not preclude payment of Codata's other obligations. Finally, it is worth noting that the criminal information, which forms the basis for his duress claim, was dismissed on October 19, 1981, yet petitioner continued to fail to pay the withholding taxes for November and December of that year, as well as the delinquent taxes, although he has since resumed making withholding tax payments. Accordingly, we find substantial evidence exists to support the Tax Commission's conclusion that petitioner's failure to pay was willful, not the result of duress.

Determination confirmed, and petition dismissed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.