■ In the Matter of WILLIAM F. MARTIN, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. —Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

In 1986, the Audit Division of the Department of Taxation and Finance conducted an audit of Rainbow Food Marts, Inc.

for the period beginning December 1, 1984 and concluding May 31, 1986. Petitioner, the sole corporate officer and only shareholder, was found to be a person required to collect tax and hence held personally liable pursuant to Tax Law § 1133 (a) for sales and use taxes owed by the corporation. On administrative appeal, respondent Tax Appeals Tribunal affirmed the Administrative Law Judge's determination denying petitioner's challenge to the imposition of personal liability.

Thereafter, petitioner commenced this CPLR article 78 proceeding, the thrust of which is that he was not a person under a duty to collect taxes under the Tax Law (see, Tax Law § 1131 [1]), but rather was merely a "nominal" corporate officer, immune from personal liability (see, Matter of Blodnick v New York State Tax Commn., 124 AD2d 437, appeal dismissed 69 NY2d 822). Petitioner contends that the Tax Appeals Tribunal's determination finding him to be a responsible officer personally liable for the corporation's unpaid sales taxes accruing during the audit period is not factually borne out by the record. We disagree.

At the administrative hearing, petitioner testified that he assisted a friend facing bankruptcy, Warren Newton, create Rainbow Food Marts, Inc., a corporation designed essentially to defraud Newton's creditors. As a part of their business arrangement, petitioner, as president and sole shareholder, held title to real property, valued at $120,000, upon which the convenience store was located. In return for assuming these ownership obligations, after the mortgages had been satisfied the corporation would pay petitioner rent. Newton operated the store, controlled the corporate records, employed all personnel and expected to retain any sales profit.

At the corporation's inception, petitioner guaranteed a $36,000 renovation loan secured by a second mortgage on the property. He later guaranteed an additional $5,000 loan. After a corporate checking account was established, petitioner signed between 5 and 10 starter checks. With petitioner's knowledge, Newton obtained a liquor license in petitioner's name. At some point during the store's operation, petitioner signed a sales and use tax return for the corporation. Initially he visited the store once or twice a week, but as time progressed the frequency of these visits diminished. Additionally, during the State's audit, petitioner held himself out to be the owner and principal officer of the corporation. At the audit's conclusion, petitioner, in his capacity as president, executed a consent form which fixed the amount of the corporation's tax liability at $22,358.70 plus penalties and interest.

On the basis of this record, the determination to hold petitioner personally liable for the corporation's unpaid sales taxes is both rational and supported by substantial evidence *(see, Matter of Cohen v State Tax Commn.,* 128 AD2d 1022, 1023-1024; *Matter of Blodnick v State Tax Commn.,* 124 AD2d 437, 438, *supra; Matter of Ragonesi v State Tax Commn.,* 88 AD2d 707).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.