■ In the Matter of WILLIAM R. HALL JR., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The primary question presented in this proceeding is whether there is substantial evidence to support the determination of respondent Tax Appeals Tribunal that petitioner, the manager of Old Homestead Country Kitchen, Inc., a restaurant and bar business, is personally liable for payment of sales and use taxes owed by the business as a person required to collect such tax pursuant to Tax Law § 1133 (a). Petitioner contends that, because the record establishes that he lacked ultimate authority and control over the business and the disposition of its funds, the Tribunal erred in its determination. We disagree.

Under Tax Law § 1131 (1), a " 'person required to collect any tax imposed by [Tax Law art 28]' " includes "any * * * employee of a corporation * * * who as such * * * employee is under a duty to act for such corporation * * * in complying with any requirement of [Tax Law art 28]". Further, 20 NYCRR 526.11 (b) (2) provides that a person is under such a duty when he or she is "authorized to sign a corporation's tax returns, * * * is responsible for maintaining the corporate books or * * * is responsible for the corporation's management". Other pertinent factors which have been identified by the courts are the authority to hire and fire employees, status as an officer, authority to sign checks and responsibility for management of the corporation (see, Matter of Cohen v State Tax Commn., 128 AD2d 1022, 1023; Matter of Blodnick v New York State Tax Commn., 124 AD2d 437, appeal dismissed 69 NY2d 822; Matter of Rosenblatt v New York State Tax Commn., 114 AD2d 127, revd in part on dissenting opn below 68 NY2d 775).

Here, the evidence adduced at the hearing before an Administrative Law Judge showed that petitioner had the authority to hire and fire certain kitchen employees, was authorized to sign business checks, was responsible for controlling inventory and, in that connection, ordered and paid for deliveries of food, wine and small equipment. Further, all sales and use tax

returns filed for the period from December 1, 1977 to November 30, 1979 were signed by petitioner, in all but one case setting forth his capacity as vice-president of the corporation. On two different occasions when the restaurant account was frozen, petitioner channeled business funds through his personal checking account and, on other occasions, petitioner paid suppliers out of his own funds and thereafter reimbursed himself from restaurant receipts. In our view, this evidence provided ample support for the Tribunal's determination.

We also reject the contention that petitioner is not liable for payment of interest in excess of the statutory minimum and penalties. Petitioner's reliance upon *Matter of Velez v Division of Taxation of Dept. of Taxation & Fin.* (152 AD2d 87) in this regard is clearly misplaced. There, we held that Tax Law § 1141 (c) shifts to a purchaser from a bulk sale transferor liability for payment of taxes only, in view of the fact that the statute makes no reference to penalties or interest *(see, supra,* at 89). In contrast, Tax Law § 1145 (a) (1) (i), applicable in this case, imposes liability for penalties and interest on "any person" who fails to timely pay a tax. Petitioner's remaining contentions addressed to the imposition of interest and penalties are similarly meritless.

Mahoney, P. J., Casey, Weiss and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.