■ In the Matter of ROBERT S. ABRAMS, Individually as a Former Officer of FINGER LAKES FARM STORES, INC., Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents. [627 NYS2d 851] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales tax assessment imposed under Tax Law article 28.

After a hearing, respondent Tax Appeals Tribunal (hereinafter respondent) found petitioner, a former owner, director and officer of Finger Lakes Farm Stores, Inc., a corporation which operated two convenience stores in Schuyler County (hereinafter the corporation), personally responsible for the payment of sales tax collected by the corporation, along with related interest and penalties (*see,* Tax Law § 1133 [a]). Petitioner maintains that during the period audited, September 1, 1985 through November 30, 1986, he was not "under a duty to act for such corporation * * * in complying with any requirement of" the sales tax laws (*see,* Tax Law § 1131 [1]), and that respondent's contrary finding is irrational, given the

purportedly uncontroverted proof that he had resigned as president of the corporation in January 1984, over a year before the start of the audit period.

We disagree. Respondent's decision to place little weight on the evidence of petitioner's resignation—which included the testimony of petitioner's sole witness, Robert Dorfman, the corporation's former accountant and attorney, and two documents, an unsworn letter of resignation and minutes of a subsequent corporate meeting at which a new president was elected—finds ample support in the record. Even according full credit to Dorfman's claim that some of the signatures appearing on documents dated after 1984 do not appear, to him, to have been made by petitioner, it is still apparent that petitioner continued to sign some documents, as corporation president, after "resigning" that office in January 1984. And, there is no indication that the alleged successor to the presidency ever signed anything, or otherwise acted, in that capacity. Moreover, the documents in evidence demonstrate that the State Liquor Authority was not informed of the change, as is required by law. These facts, taken together, support an inference that petitioner had not actually resigned as corporation president or, if he had, that the change in his official status had little, if any, practical effect on the authority he exercised over corporate affairs.

More importantly, it is undisputed that petitioner and his wife were the sole shareholders and directors of the corporation during the period in question, a fact from which, in the absence of evidence to the contrary, it may reasonably be inferred that petitioner was in a position to exert substantial control over the affairs of the corporation, to have the "final word" on decisions involving spending, hiring and firing, and to derive substantial economic benefit from the corporation. These particulars provide adequate support for respondent's conclusion that petitioner had a duty to act for the corporation in collecting and remitting the appropriate sales taxes (*see, Matter of Cohen v State Tax Commn.*, 128 AD2d 1022, 1023-1024; *Matter of Blodnick v New York State Tax Commn.*, 124 AD2d 437, 437-438, *appeal dismissed* 69 NY2d 822, *lv granted* 69 NY2d 608, *appeal withdrawn* 70 NY2d 748).

Petitioner's argument challenging the imposition of interest and penalties is meritless (*see, Matter of Hall v Tax Appeals Tribunal*, 176 AD2d 1006, 1007; *see also, Lorenz v Division of Taxation*, 212 AD2d 992, 992-993).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.