■ In the Matter of ANDREW C. RISOLI, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [654

NYS2d 218] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia*, sustained a deficiency of personal income tax imposed under Tax Law article 22.

At issue in this proceeding is whether respondent Tax Appeals Tribunal erred in finding that petitioner was a party responsible for collecting withholding taxes on behalf of the corporation Flowers by Pierre, Inc. during the audit period and that he willfully failed to collect and remit such taxes. Relying on his testimony that he was not an officer of the corporation, was not involved in the day-to-day operation and management of the corporation and received no remuneration from the corporation, petitioner contended that he was not a person required to collect, account for and pay over the corporation's withholding taxes (*see*, Tax Law § 685 [g], [n]). The Tribunal rejected petitioner's arguments and affirmed the decision of the Administrative Law Judge, who found that despite the informal manner in which the corporation was run, petitioner had the authority to act on behalf of the corporation in all aspects of its operation and was personally involved in the financial affairs of the corporation during the audit period. Based upon our review of the record, we conclude that the Tribunal's determination must be confirmed.

Whether petitioner is a responsible person for the purposes of imposing personal liability for unpaid taxes pursuant to Tax Law § 685 (g) and (n) is a factual determination for the Tribunal, which must be upheld if supported by substantial evidence (*see, Matter of Ragonesi v New York State Tax Commn.*, 88 AD2d 707). Notwithstanding petitioner's testimony to the contrary, there is evidence that petitioner was president of the corporation and received substantial income from the corporation during the audit period. He was a one-third shareholder and had check-signing authority, which he exercised on occasion. When the corporation encountered financial problems, petitioner was directly involved in attempting to resolve the problems. Based upon the evidence in the record, the Tribunal could rationally conclude that petitioner had broad oversight authority with respect to the management of the corporation. His claims that he did not exercise that authority do not preclude a finding that he is a responsible person within the meaning of the Tax Law (*see, Matter of Hopper v Commissioner of Taxation & Fin.*, 224 AD2d 733, 737, *lv denied* 88 NY2d 808). There is no basis to disturb the Tribunal's finding on the responsible person issue (*see, id.; Matter of Basch v New York State Tax Commn.*, 134 AD2d 786, 787).

Petitioner also contends that the Tribunal erred in finding a willful failure on his part. According to petitioner, he delegated the tax collection and payment responsibility to other corporate shareholders and relied on their representations that the taxes were being paid. The argument is meritless, for "corporate officials responsible as fiduciaries for tax revenues cannot absolve themselves merely by disregarding their duty and leaving it to someone else to discharge" (*Matter of Ragonesi v New York State Tax Commn.*, supra, at 708; accord, *Matter of Capoccia v New York State Tax Commn.*, 105 AD2d 528, 529). Petitioner has not shown that the failure to pay over the tax was the product of duress or inadvertence and, therefore, we see no basis to disturb the Tribunal's determination of the willfulness issue (*see, Matter of Dorfman v Chu*, 148 AD2d 917, 918).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.