■ In the Matter of MITCHELL G. MENIK, Petitioner, v ARTHUR ROTH, as New York State Commissioner of Taxation and Finance, et al., Respondents. [720 NYS2d 265] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of the Tax Appeals Tribunal, which, inter alia, sustained a deficiency of personal income tax imposed under Tax Law article 22.

In our view, there is substantial evidence in the record to support the determination of the Tax Appeals Tribunal imposing personal liability on petitioner pursuant to Tax Law § 685 (g) for delinquent withholding taxes of CashTek Corporation for the period January 7, 1994 to June 24, 1994. Tax Law § 685 (g) "imposes personal liability * * * on any person within the corporate structure who is required to and fails to pay over withholding taxes to the Tax Commission" (Matter of Yellin v New York State Tax Commn., 81 AD2d 196, 198). Whether a person is liable to pay delinquent withholding taxes to the Department of Taxation and Finance (hereinafter Department) is a factual question to be determined by the Tribunal after it considers a myriad of factors, including the person's "status as an officer, authority to sign checks and responsibility for management of the corporation" (Matter of Hall v Tax Appeals

*Tribunal*, 176 AD2d 1006) and whether he or she " 'owned stock * * * [or] derived substantial income from the corporation' " (*Matter of Basch v New York State Tax Commn.*, 134 AD2d 786, 787, quoting *Matter of Capoccia v New York State Tax Commn.*, 105 AD2d 528, 529). Significantly, "[t]he reviewing court may not 'substitute [its] judgment for a reasonable determination by the Tribunal which is supported by substantial evidence merely because it is possible to reasonably reach a different conclusion' " (*Matter of Hopper v Commissioner of Taxation & Fin.*, 224 AD2d 733, 737, *lv denied* 88 NY2d 808, quoting *Matter of Buzzard v Tax Appeals Tribunal*, 205 AD2d 852, 853).

The hearing evidence reveals that petitioner derived all of his income from CashTek. Evidence was also presented that during the period in question, petitioner served as secretary, treasurer and vice-president of CashTek and executed documents in those capacities. Petitioner was an authorized signatory on CashTek's bank account, signed for the lease of the corporate safe-deposit box and authorized the bank to withdraw the annual fee therefor from CashTek's account. Furthermore, the evidence supports a finding that petitioner was aware that CashTek was not paying over withholding taxes to the State. Notably, in May 1994, petitioner sent a letter to the Department, accompanied by a $2,000 check signed by petitioner and then president Edward Lee, stating that CashTek would pay the Department $1,267.62 per month until its delinquent withholding taxes for 1992 were paid in full. In view of that evidence, and notwithstanding the fact that petitioner owned less than one tenth of 1% of CashTek's common stock and lacked the authority to hire and fire employees, we conclude that the record provides sufficient support for the Tribunal's conclusion that petitioner was a responsible person within the purview of Tax Law § 685 (g) and (n).

As a final matter, we are not persuaded that petitioner should be relieved of liability for the tax penalty because, following his resignation from CashTek, he urged Lee to use some of the proceeds from a legal settlement to satisfy CashTek's delinquent withholding taxes. We have consistently held that "the penalty imposed upon individuals for willful failure to pay withholding taxes [is] neither derivative of nor secondary to the corporate employer's liability for the same tax" (*Matter of Yellin v New York State Tax Commn.*, 81 AD2d 196, 198, *supra*). Petitioner's remaining contentions have been considered and found to be unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged

that the determination is confirmed, and petition dismissed, without costs.