■ In the Matter of PETER COPPOLA, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [828 NYS2d 712]—

---

Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's application for a refund of sales and use taxes under Tax Law articles 28 and 29.

During the relevant period, petitioner, a Florida resident, was the owner, president and sole shareholder of Coppola N.Y.C., Inc. (hereinafter CNYC), a beauty salon located in New York City. Following his discovery that the manager of CNYC's daily operations was embezzling funds and not paying many of the salon's bills or taxes, petitioner devised a settlement plan with the State and the Internal Revenue Service for its unpaid taxes. He also promoted Erin Sartain, the assistant manager, to a management position and brought in a new accounting firm to oversee CNYC's financial affairs. Sartain thereafter handled the business operations of CNYC, which included petitioner's daily instructions regarding all management decisions. Bills were routed through the accountants and then back to Sartain who was authorized to write checks. Although CNYC's tax returns were prepared by the accountants, sales taxes were not remitted to the State for tax periods ending May 31, 1999, August 31, 1999, May 31, 2000 and November 30, 2000.[1] The Department of Taxation and Finance determined that petitioner was the person responsible for the payment of these taxes and, therefore, held him personally liable. Petitioner challenged this determination before both the Administrative Law Judge and respondent Tax Appeals Tribunal where he was unsuccessful. This proceeding thereafter followed.

In our view, substantial evidence supports the determination that petitioner is a "responsible person" under pertinent statutory authority and that he is personally liable for the payment of all outstanding taxes. Tax Law § 1133 (a) imposes liability on any person who is responsible to collect a tax imposed by Tax Law article 28. Under Tax Law § 1131 (1), responsible persons include "any officer, director or employee of a corporation . . .

---

1. Not at issue is the period between June through August 2000.

who . . . is under a duty to act for such corporation . . . in complying with any requirement of . . . article [28]." This factual determination will include a consideration of numerous factors, including whether the targeted person has the authority to sign the corporate tax returns (*see* 20 NYCRR 526.11 [b] [2]; *Matter of Hall v Tax Appeals Trib. of State of N.Y.*, 176 AD2d 1006, 1006 [1991]). Other pertinent factors include a person's "status as an officer, authority to sign checks and responsibility for management of the corporation" (*Matter of Hall v Tax Appeals Trib. of State of N.Y., supra* at 1006; *see Matter of Menik v Roth*, 280 AD2d 702, 702 [2001]; *Matter of Abrams v Tax Appeals Trib.*, 216 AD2d 684, 685 [1995]; *Matter of Landau v Tax Appeals Trib. of State of N.Y.*, 214 AD2d 857, 857-858 [1995], *lv denied* 86 NY2d 705 [1995]). What must be considered is petitioner's authority and responsibility to exercise control over the corporation, not his actual assertion of such authority (*see Matter of Cohen v State Tax Commn.*, 128 AD2d 1022, 1023 [1987]; *Matter of Blodnick v New York State Tax Commn.*, 124 AD2d 437, 438 [1986]).

It is undisputed that petitioner was authorized to sign the corporate tax returns and actively did so before and after the period of delinquency. Petitioner was also the 100% owner and president of CNYC and received a salary. Petitioner hired and fired its employees, accountants and attorneys, entered into contracts and made all major business decisions, speaking to Sartain on a daily basis. The evidence further reveals that petitioner had full access to the corporate books and accounts, holding meetings with CNYC's accountants and attorneys on a periodic basis. Petitioner's focus on Sartain's management responsibility and check writing authority is misplaced since it is only petitioner's liability that is at issue in this proceeding—an otherwise responsible person cannot absolve themselves of liability by delegating authority to a subordinate (*see Matter of Landau v Tax Appeals Trib. of State of N.Y., supra* at 858; *Matter of Blodnick v New York State Tax Commn., supra* at 438; *Matter of Ragonesi v New York State Tax Commn.*, 88 AD2d 707, 708 [1982]). Failure of petitioner to actually perform the duty that was within his authority is irrelevant (*see Matter of Cohen v State Tax Commn., supra* at 1023).[2]

Petitioner's claim that the State waived its right to collect the

---

2. Contrary to petitioner's protestations, *Vogel v New York State Dept. of Taxation & Fin.* (98 Misc 2d 222 [1979]) only stands for the proposition that corporate officer status does not amount to per se liability (*see Matter of Blodnick v New York State Tax Commn., supra* at 437). *Vogel* articulated that an officer's "knowledge of the corporate affairs" (*Vogel v New York State Dept.*

penalties and interest due when, in the course of settlement negotiations, a conditional offer was made to abate those fees if CNYC paid the remaining amount in full is without merit. As no such payoff occurred, there was no waiver. Evidence of settlement negotiations is not, without more, sufficient (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]).

Finally, we recognize that under Tax Law § 1145 (a) (1) (iii), respondent Commissioner of Taxation and Finance may remit penalties imposed for nonpayment if it is determined that such nonpayment was due to a reasonable cause and not willful neglect (*see* 20 NYCRR 536.1 [c]; *Matter of Cook v Tax Appeals Trib. of State of N.Y.*, 222 AD2d 962, 964 [1995]). With the burden upon petitioner to mount such challenge (*see Matter of Cook v Tax Appeals Trib. of State of N.Y., supra* at 964), we find a paucity of evidence in this record. Instead, it demonstrates that during the applicable time period, other creditors were being paid and petitioner received income from the corporation. CNYC's books and financial records were fully available and no allegations were made that any of the professional advisors hired by petitioner were either disloyal or incompetent. Accordingly, there is no basis to disturb the Tribunal's determination.

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

of Taxation & Fin., supra at 226) is but one factor in the responsible person analysis.