■ In the Matter of Frederick P. Ippolito, Petitioner, v Commissioner of New York State Department of Taxation and Finance et al., Respondents. [984 NYS2d 198]—

Stein, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Cai Restaurant, Inc. operates a restaurant, pizzeria, wine cellar and steak house known as Christiano's, and petitioner is its chairperson and/or chief executive officer. In 2006, the Department of Taxation and Finance conducted a field audit of Cai's business operations in connection with outstanding sales and use taxes owed for the period September 1, 2003 through May 31, 2006. After the audit, the Department issued a notice of determination assessing petitioner for outstanding sales and use

---

taxes owed by Cai totaling $66,620.28, plus interest.[1] Petitioner sought a redetermination of the assessment by the Division of Tax Appeals and the parties stipulated to have the matter decided by an Administrative Law Judge (hereinafter ALJ) without a hearing. The ALJ sustained the notice of determination after concluding—based on the documents submitted— that, as a corporate officer of Cai, petitioner was authorized to act on its behalf and was, therefore, personally liable for the tax deficiency under Tax Law §§ 1131 (1) and 1133 (a). Petitioner filed a notice of exception with respondent Tax Appeals Tribunal, arguing that he had only temporarily acted on behalf of his wife—who was ill[2] —through a power of attorney and was not actively involved in the management of the corporation. The Tribunal rejected this argument and affirmed the ALJ's decision. This CPLR article 78 proceeding ensued.

We confirm. Tax Law § 1133 (a) imposes personal liability on any person who is responsible for collecting tax under Tax Law article 28. A person required to collect tax (a responsible person) includes "any officer, director or employee of a corporation . . . who . . . is under a duty to act for such corporation . . . in complying with any requirement of [Tax Law article 28]" (Tax Law § 1131 [1]). Whether a person has a duty to act for a corporation and is responsible for collecting sales tax is a factual determination to be made on a case by case basis (*see Matter of Cohen v State Tax Commn.*, 128 AD2d 1022, 1023 [1987]; 20 NYCRR 526.11 [b] [1], [2]). The factors that the courts have considered relevant to this determination include (1) authority to sign corporate checks, (2) responsibility for managing the corporation and maintaining its books, (3) ability to hire and fire employees, (4) status as a corporate officer, and (5) receipt of substantial income from the corporation or stock ownership (*see Matter of Hall v Tax Appeals Trib. of State of N.Y.*, 176 AD2d 1006, 1006 [1991]; *Matter of Cohen v State Tax Commn.*, 128 AD2d at 1023; *Matter of Blodnick v New York State Tax Commn.*, 124 AD2d 437, 437 [1986], *appeal dismissed* 69 NY2d 822 [1987]). Significantly, this Court has stressed that "[w]hat must be considered is [the person's] authority and responsibility to exercise control over the corporation, *not his [or her] actual assertion of such authority*" (*Matter of Coppola v Tax Ap-*

---

1. The Department also issued a notice of determination assessing Cai for a sales and use tax deficiency of approximately $160,000, including interest, for the entire period covered by the audit. Although Cai initially filed a petition contesting the assessment, it later withdrew the petition. The assessment issued against petitioner was only for a portion of the audit period.

2. Petitioner's wife passed away during the course of the proceedings.

*peals Trib. of State of N.Y.,* 37 AD3d 901, 903 [2007] [emphasis added]).

Here, an enrolled agent retained by petitioner to contest the notice of determination completed a questionnaire representing that petitioner (1) was responsible for preparing or supervising the preparation of corporate sales tax returns, (2) participated in making significant business decisions, (3) maintained and managed the business, (4) owned corporate and voting stock, (5) had the authority to manage financial affairs, pay or direct payment of credits, sign checks and act on behalf of the corporation in dealing with the Department and (6) had the authority to hire and fire employees. The enrolled agent also listed petitioner as the president of the corporation on another questionnaire, which was consistent with records of the Secretary of State indicating that petitioner was the corporation's sole chairperson and/or chief executive officer. Notwithstanding evidence that petitioner's wife may also have been a corporate officer involved in the management of the corporation,[3] it is apparent—despite his denials—that petitioner retained the authority to act as a corporate officer and, in such capacity, was fully capable of undertaking many of the duties necessary to manage the corporation. Indeed, his ability to step in and oversee the operation of the business while his wife was ill underscores the authenticity of his authority. In view of this, and given that the controlling consideration is petitioner's authority to act on behalf of a corporation, not the degree to which he actually exercised that authority (*see Matter of Coppola v Tax Appeals Trib. of State of N.Y.,* 37 AD3d at 903), the Tribunal's determination that petitioner was a responsible person and was personally liable under Tax Law §§ 1131 (1) and 1133 (a) for the outstanding sales and use taxes owed by Cai is "rationally based upon and supported by substantial evidence," despite the existence of record evidence that would support a contrary conclusion (*Matter of Ingle v Tax Appeals Trib. of the Dept. of Taxation & Fin. of the State of N.Y.,* 110 AD3d 1392, 1393 [2013] [internal quotation marks and citations omitted]; *see Matter of Hwang v Tax Appeals Trib. of the State of N.Y.,* 105 AD3d 1151, 1152 [2013]). Therefore, we decline to disturb it.

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Adjudged

---

**3.** To the extent that petitioner relies on certain documents which were not part of the administrative record to establish that he was not a responsible person (*see* Tax Law § 1131 [1]), we decline to consider them (*see Matter of Huszar v Bayview Park Props., LLC,* 109 AD3d 922, 924-925 [2013]; *Matter of Dolan v New York State Dept. of Civ. Serv.,* 304 AD2d 1037, 1039 [2003], *lv denied* 100 NY2d 512 [2003]).

that the determination is confirmed, without costs, and petition dismissed.