▪ In the Matter of JESSIE LUONGO, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [987 NYS2d 114]—

Stein, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal, which, among other things, sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was the sole shareholder of Fifth Avenue Restaurant Acquisition Corporation, which operated Tuscan Square Restaurant and Marketplace. Tuscan Square was originally

owned and operated by Toscorp[1]—the parent company of Tuscan Square and other restaurants—through Toscorp's subsidiary, Rock 51 PRTN Corporation, of which petitioner's husband, Giuseppe Luongo, was the chief executive officer. After Toscorp and Rock 51 filed petitions for bankruptcy, Fifth Avenue was formed for the purpose of acquiring the assets of Rock 51. On the advice of counsel, petitioner agreed to take ownership of Fifth Avenue in an attempt to preserve the family's assets, but immediately named Luongo its sole director. Luongo, in turn, named himself its president, treasurer and secretary and, thereafter, ran the day-to-day operations of the restaurant.

Fifth Avenue eventually filed for bankruptcy and, as part of that process, the Department of Taxation and Finance conducted a sales tax field audit of its books and records for the period March 1, 2004 though November 30, 2006. That audit revealed that Fifth Avenue had underreported gross sales on its sales tax returns and owed sales and use taxes in excess of $230,000, plus applicable penalties and interest.[2] Consequently, the Department issued several notices of determination to petitioner, notifying her—as a "Responsible Person"—of the amount owed.[3] After two conciliation conferences, the notices of determination were sustained.

Petitioner subsequently filed petitions with the Division of Tax Appeals, seeking a redetermination of the deficiency on the ground that petitioner was not responsible for Fifth Avenue's tax liabilities. A hearing was held before an Administrative Law Judge, who ultimately rejected petitioner's contention that she was not a person required to collect tax and denied the petitions. Petitioner filed a notice of exception with respondent Tax Appeals Tribunal, which affirmed the Administrative Law Judge's determination. This CPLR article 78 proceeding ensued.

We confirm. Tax Law § 1133 (a) imposes personal liability on any person who is responsible for collecting tax under Tax Law article 28 (see Matter of Coppola v Tax Appeals Trib. of State of N.Y., 37 AD3d 901, 902 [2007]). A person required to collect tax includes "any officer, director or employee of a corporation . . . who . . . is under a duty to act for such corporation . . . in complying with any requirement of [Tax Law article 28]" (Tax Law § 1131 [1]). Moreover, a person who is not an officer, director or employee of a corporation is required to collect tax if he

---

1. Petitioner was a minority shareholder of Toscorp.

2. The audit also revealed that Fifth Avenue underreported in other categories of taxes owed relating to capital purchases, expense purchases and tips not remitted to employees.

3. Luongo was also assessed individually.

or she "possessed all the indicia of control that would impose liability upon an officer, director or employee of a corporation" (*Matter of Ianniello v New York Tax Appeals Trib.*, 209 AD2d 740, 741 [1994]). Whether a person has a duty to act for a corporation and is responsible for collecting sales tax is a factual determination to be made on a case-by-case basis (*see Matter of Coppola v Tax Appeals Trib. of State of N.Y.*, 37 AD3d at 903; *Matter of Cohen v State Tax Commn.*, 128 AD2d 1022, 1023 [1987]; 20 NYCRR 526.11 [b] [1], [2]). Such determination turns on a variety of factors, including the status of a stockholder, the authority to hire and fire employees and responsibility for the corporation's management (*see Matter of Cohen v State Tax Commn.*, 128 AD2d at 1023; 20 NYCRR 526.11 [b] [2]). In this regard, an important consideration is "petitioner's authority and responsibility to exercise control over the corporation, not his [or her] actual assertion of such authority" (*Matter of Coppola v Tax Appeals Trib. of State of N.Y.*, 37 AD3d at 903; *accord Matter of Ippolito v Commissioner of N.Y. State Dept. of Taxation & Fin.*, 116 AD3d 1176, 1177 [2014]; *see Matter of Cohen v State Tax Commn.*, 128 AD2d at 1023).

Here, it is undisputed that Luongo, not petitioner, controlled the day-to-day operations of Fifth Avenue. Petitioner did not sign checks, hire or fire employees, or assist in preparing tax returns. While petitioner's status as a shareholder, alone, may not be sufficient to impose tax collection responsibility on her, petitioner had the authority, in her capacity as the *sole* shareholder of Fifth Avenue, to appoint the board of directors and officers and, indeed, exercised that authority by appointing her husband as the sole director. Petitioner also retained the authority under the corporate bylaws to remove her husband from such position. Further, petitioner, along with Luongo, signed an alcoholic beverage retail license application for the restaurant and, perhaps most notably, petitioner *alone* signed an application for registration as a sales tax vendor. In such application, petitioner was listed as the sole owner/officer of the corporation and falsely averred that no "responsible officer[ ], director[ ], partner[ ], or employee[ ] owe[s] New York State or local sales and use taxes on [her] behalf, on behalf of another person, or as vendor of property or services."[4] As also noted by the tribunal, petitioner reaped financial benefits from the corporation, as Fifth Avenue was created to preserve the family's assets from the Rock 51 bankruptcy and to produce

---

4. By signing the registration application on her own and failing to list Luongo, the Department was not made aware that a corporate owner had outstanding tax liabilities in connection with his former corporations.

income for petitioner and her husband. Under these circumstances, the tribunal's determination that petitioner was a responsible person and was personally liable under Tax Law §§ 1131 (1) and 1133 (a) for the outstanding sales and use taxes owed by the corporation is "rationally based upon and supported by substantial evidence," despite the existence of record evidence that would support a contrary conclusion (*Matter of Ippolito v Commissioner of N.Y. State Dept. of Taxation & Fin.*, 116 AD3d at 1178 [internal quotation marks and citations omitted]; *accord Matter of Ingle v Tax Appeals Trib. of the Dept. of Taxation & Fin. of the State of N.Y.*, 110 AD3d 1392, 1393 [2013]; *see Matter of Hwang v Tax Appeals Trib. of the State of N.Y.*, 105 AD3d 1151, 1152 [2013]; *Matter of Martin v Commissioner of Taxation & Fin.*, 162 AD2d 890, 891 [1990]). Therefore, we decline to disturb that determination.

We also reject petitioner's contention that the tribunal erred by sustaining the penalties imposed upon petitioner for underpayment of taxes. Although respondent Commissioner of Taxation and Finance has the authority to waive penalties, petitioner bears the burden of establishing that the failure to pay tax "was due to reasonable cause and not due to willful neglect" (Tax Law § 1145 [a] [1] [iii]; *see Matter of Coppola v Tax Appeals Trib. of State of N.Y.*, 37 AD3d at 904; *Matter of Cook v Tax Appeals Trib. of State of N.Y.*, 222 AD2d 962, 964 [1995]; *Matter of MCI Telecom. Corp. v New York State Tax Appeals Trib.*, 193 AD2d 978, 979 [1993]; 20 NYCRR 536.1 [c]). Here, petitioner's allegation that Fifth Avenue undercollected sales tax due to a computer programing error was unsupported by any documentary evidence, and petitioner failed to explain the other tax deficiencies that were unrelated to such alleged error. Accordingly, we find substantial evidence in the record to support the tribunal's determination upholding the penalties and interest. Petitioner's remaining contentions have been considered and found to be without merit.

McCarthy, Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.