In the Matter of STANLEY YELLIN, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, June 18, 1981

**APPEARANCES OF COUNSEL**

*Silverberg, Feingertz, Stonehill & Goldsmith, P. C. (Michael B. Goldsmith* and *Richard Seltzer* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Francis V. Dow, Jeremiah Jocknowitz* and *Shirley Adelson Siegel* of counsel), for respondent.

MAHONEY, P. J.

Petitioner was the president and controlling stockholder of Kim Walker, Inc. (KIM), a New York corporation engaged in the manufacture of women's clothing. On June 18, 1969, KIM filed a petition for an arrangement pursuant to chapter 11 of the United States Bankruptcy Act. (US Code, tit 11.) The State Tax Commission then filed two claims designated Claim No. 1 and Claim No. 2, as a creditor in the bankruptcy proceedings. Both claims stemmed from KIM's failure to pay income taxes withheld from its employees during various periods from 1967 through 1969. Claim No. 1 was for $1,518.54 and Claim No. 2 was for $3,324.58. KIM was ultimately adjudicated a bankrupt in 1970.

In June of 1970 the Tax Commission assessed a penalty in the amount of $4,770.02 against petitioner personally as a result of KIM's failure to pay the withholding taxes. Petitioner contested the penalty and sought a redetermination.

In August, 1975, KIM's trustee in bankruptcy moved to expunge the Tax Commission's two claims against the bankrupt's estate on the ground that KIM had filed three applications for refunds on corporate franchise taxes which exceeded the Tax Commission's withholding tax claims. The Tax Commission did not oppose the trustee's motion and the Bankruptcy Court ordered the claims expunged.

In February of 1976, the Tax Commission refunded $6,823.14 to KIM's trustee in bankruptcy. This sum represented KIM's three refunds in corporate franchise taxes ($627.48, $4,443.42 and $3,270.78) less the amount of Claim No. 1 assessed by the Tax Commission for KIM's failure to pay withheld income taxes in the sum of $1,518-.54. The Tax Commission inadvertently failed to reduce the amount of the refund by an additional $3,251.48, the amount attributable to Claim No. 2.

Petitioner's application for a redetermination of his deficiency assessment, which had been adjourned in 1970, was heard in 1978. The hearing officer adjudged petitioner liable

to pay respondent $3,251.48 (Tax Law, § 685, subd [g]). This sum represented the correlative penalty imposed upon petitioner for the still unsatisfied tax debt labeled Claim No. 2. This CPLR article 78 proceeding ensued and was subsequently transferred to this court.

Petitioner contends that the Bankruptcy Court's order expunging the tax claims against the bankrupt's estate extinguished those claims and, hence, any penalty derived therefrom may not be assessed against him individually. We disagree.

The statutory basis for petitioner's penalty is subdivision (g) of section 685 of the Tax Law which imposes personal liability in the form of a penalty on any person within the corporate structure who is required to and fails to pay over withholding taxes to the Tax Commission. In the instant case, we must determine what effect the Bankruptcy Court's order expunging the bankrupt's withholding tax debts had on the penalty assessed against petitioner. While we find no New York case law in this area, we note that this issue has been addressed by the Federal courts in interpreting similar language in section 6672 of the Internal Revenue Code (US Code, tit 26).

Federal courts consider the penalty imposed upon individuals for willful failure to pay withholding taxes to be neither derivative of nor secondary to the corporate employer's liability for the same tax *(Monday v United States, 421 F2d 1210, cert den 400 US 821).* The personal liability imposed by section 6672 of the Internal Revenue Code is "separate and distinct" from that imposed on the corporate employer and is not dependent on the rules which govern the employer's liability *(Monday v United States, supra; Datlof v United States, 370 F2d 655, cert den 387 US 906; Spivak v United States, 370 F2d 612, cert den 387 US 908).* Similarly, we are of the view that the penalty assessed against petitioner in the instant case is separate and independent of the corporate liability for the unpaid withholding taxes.

An examination of the record in the instant case also compels the conclusion that the Bankruptcy Court's order expunging respondent's claims from the record of the trus-

tee in bankruptcy was entered on the assumption that these claims would be set off against the refunds due the bankrupt corporation. Thus, where, as here, the personal liability imposed upon petitioner by section 685 of the Tax Law is separate and distinct from that imposed upon the corporation and the Bankruptcy Court's order did not negate the factual basis or validity of the withholding tax debt, respondent's failure to set off Claim No. 2 against the bankrupt's refund, as intended by the Bankruptcy Court's order, does not preclude the Tax Commission from collecting the penalty equal in dollar amount to the still unsatisfied Claim No. 2 from petitioner.

We also reject petitioner's argument that the respondent's determination of his liability was not supported by substantial evidence. The record in this case indicates that the unpaid withholding taxes which form the basis for petitioner's penalty were never remitted by KIM or petitioner to respondent. Further, the record establishes that petitioner was a "person" required to collect and pay the withholding taxes to respondent (Tax Law, § 685, subd [g]). Thus, there is substantial evidence in the record to support respondent's determination and it should not be disturbed (see *Matter of Malkin v Tully*, 65 AD2d 228).

The determination should be confirmed, and the petition dismissed, without costs.

SWEENEY, KANE, CASEY and WEISS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.