■ In the Matter of the Claim of RICHARD A. VOJVODA, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 1983, which ruled that claimant was eligible to receive benefits at a rate of $71 per week and that his United States Army Reserve duty did not constitute Federal service. ¶ Claimant lost his employment under nondisqualifying conditions and made application for unemployment insurance benefits. He was found eligible therefor based upon 32 weeks of employment within the base period of January 11, 1982 to January 9, 1983. Various jobs during that period provided claimant with $4,517 in wages and, based upon those earnings, claimant's benefit rate was established at $71 per week. During the base period, claimant, who belonged to a United States Army Reserve (Reserve) unit, attended drills held on Tuesday nights and weekends, as well as a three-week summer training session. For this service, he received approximately $4,800. However,

in computing the benefit rate, these Reserve earnings were disregarded. The administrative law judge, in an opinion adopted by the board, relied upon section 8521 of title 5 of the United States Code and held that claimant's Reserve duty was properly excluded as Federal service because claimant was not on active duty for a continuous period of 180 days or more, thus eliminating the $4,800 from consideration in calculating the benefit rate. Claimant appeals. ¶ From a careful reading of section 8521, it seems clear that its application is limited to and concerned with members of the armed services who have been separated or discharged from service for any of the reasons enumerated in that section and are seeking benefits based upon the discharge or release. Claimant has been neither discharged nor released and continues in the Reserve. Accordingly, the board's determination is arbitrary and capricious and unsupported by substantial evidence and must be reversed. ¶ Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.