In the Matter of SAUL TRACHTENBERG, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, February 21, 1985

### APPEARANCES OF COUNSEL

*Semon & Mondshein* (*Susan Goldenkranz Pernick* of counsel), for petitioner.

*Robert Abrams, Attorney-General* (*Martin A. Hotvet* and *William J. Kogan* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

Petitioner challenges the imposition of a penalty against him pursuant to Tax Law § 685 (g), "which imposes personal liability in the form of a penalty on any person within the corporate structure who is required to and fails to pay over withholding

taxes to the Tax Commission" (*Matter of Yellin v New York State Tax Commn.,* 81 AD2d 196, 198). The basis for petitioner's challenge rests in his claim, that during proceedings which culminated in the corporation's discharge in bankruptcy, respondent entered into a settlement with the trustee of the creditors of the corporation whereby respondent agreed to accept a lesser amount than that asserted in its claim against the corporation for withholding taxes and that, pursuant to order of the Bankruptcy Court, a check in such lesser amount was issued and accepted by respondent. Concluding that petitioner had failed to sustain his burden of proving that this payment was accepted in full settlement of the corporation's outstanding liability, respondent concluded that petitioner remained liable for the balance due after subtracting the partial payment. Since respondent could not rationally reach such a conclusion upon this record, its determination must be annulled.

The trustee for the creditors testified that he negotiated with officials of the State Department of Taxation and Finance, that these officials agreed to a settlement and that the payment evidenced by the check, which contains the notation "1st & final dividend of Estate of Bankrupt", "was the final amount for all claims filed by the State of New York in [the bankruptcy] proceeding". There is nothing in respondent's determination to indicate that this testimony was rejected as a matter of credibility. Rather, respondent noted the absence of any documentary proof of the settlement. The trustee, however, explained that all documents except the checks were destroyed pursuant to order of the Bankruptcy Court, as is customary in bankruptcy proceedings, and the Attorney-General candidly concedes the accuracy of this explanation. We note that the exhibits submitted by petitioner at the hearing, the check accepted by the State and the transcript of a portion of the bankruptcy proceeding are consistent with the trustee's testimony that a settlement occurred.

Also to be noted is the trustee's testimony that had the State's acceptance of the reduced amount been intended as only a partial payment, as found by respondent, the Bankruptcy Court would not have approved the pro rata payments made to the corporation's creditors since the unpaid portion of the State's claim would have had priority over the creditor's claims. Lastly, although the Department of Taxation and Finance did not bear the burden of proof on the issue, its failure, in the face of the uncontradicted testimony of the trustee, to produce any relevant documentary proof or testimony of any official who was familiar with the circumstances of the settlement or who had reviewed

the relevant departmental files should not be ignored. Accordingly, inasmuch as the record establishes that petitioner presented all the proof available to him on the settlement issue, and since that proof is uncontradicted and establishes that a full settlement of the corporation's liability for withholding taxes was intended, respondent's conclusion that petitioner failed to carry his burden of proof lacks a rational basis.

Citing *Matter of Yellin v New York State Tax Commn.* (81 AD2d 196, *supra*), the Attorney-General argues that petitioner's liability is separate and independent of the corporation's liability for unpaid withholding taxes and, therefore, survived the bankruptcy proceeding. Respondent, however, did not base its determination upon this rationale, and the Court of Appeals has instructed that "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency and a reviewing court which finds those grounds insufficient or improper may not sustain the determination by substituting what it deems to be a more appropriate or proper basis" (*Matter of Parkmed Assoc. v New York State Tax Commn.*, 60 NY2d 935, 936). In any event, *Yellin* is distinguishable since therein the factual basis and validity of the corporation's withholding tax debt had not been negated (*Matter of Yellin v New York State Tax Commn., supra,* p 199).

MAHONEY, P. J., MAIN, YESAWICH, JR., and LEVINE, JJ., concur.

Determination annulled, with costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent herewith.