■ In the Matter of the Claim of CAROLE M. MARTIN,

Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 1984, which excluded certain earnings in computing claimant's benefit rate.

Claimant last worked on May 27, 1983 and filed a claim for benefits effective June 20, 1983, thereby establishing a base period from June 21, 1982 through June 19, 1983. During that period, claimant had 49 weeks of employment with her employer and earned $10,989, thereby establishing a weekly rate of $112. Claimant was a member of the United States Army Reserves during the base period and she earned about $3,100 for service on weekends. She sought to have this sum included in her earnings for the purpose of calculating her benefit rate. The Unemployment Insurance Appeal Board ruled that the amount received for service in the Reserve unit was not includable. This appeal by claimant ensued.

We affirm. The Department of Labor administers the programs of unemployment compensation for ex-servicemembers as well as other Federal employees pursuant to an agreement between the Department and the United States Secretary of Labor (see, 5 USC § 8502). The agreement incorporates by reference the definitions of the term "Federal service" found in 5 USC § 8501 (1) and § 8521 (a) (1). Service as a member of the armed forces is expressly excluded from the term "Federal service", except to the extent allowed by 5 USC § 8521 (5 USC § 8501 [1] [B]). The allowance provided by 5 USC § 8521 is limited to situations where the individual has been separated or discharged from service. Since claimant's service with her Reserve unit did not meet this qualification, it was properly excluded by the Board.

Claimant's reliance on *Matter of Vojvoda* (*Roberts*) (100 AD2d 650) is misplaced. In that case it was simply held that the Board's exclusion of reserve duty on the ground that the individual was not on active duty for a continuous period of 180 days or more was incorrect. In *Vojvoda,* this court could not substitute the correct reasoning relied on by the Board herein since "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency and a reviewing court which finds those grounds insufficient or improper may not sustain the determination by substituting what it deems to be a more appropriate or proper basis" (*Matter of Parkmed Assoc. v New York State Tax Commn.,* 60 NY2d 935, 936).

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.