■ In the Matter of CRAFTMATIC COMFORT MANUFACTURING CORPORATION, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law article 28.

Petitioner, a Pennsylvania corporation, is a wholesaler and retailer of electrically adjustable beds. Petitioner's beds can be adapted to a number of positions, have an electric control console and can be specially equipped with side bars, trapeze bars, sockets for intravenous rods and similar medical equipment to accommodate an individual patient's needs. Petitioner markets its beds to some consumers for medical reasons and to others for comfort. Approximately 25% of petitioner's beds are sold pursuant to a physician's prescription. During the period in question, March 1, 1978 through February 28, 1981, petitioner did not collect sales tax on any of its sales to New York residents made pursuant to a physician's prescription, believing that these sales fit within the medical equipment exemption *(see,* Tax Law § 1115 [a] [3]). As a result of an audit, petitioner was served with a notice of determination which, *inter alia,* disallowed the sales tax medical equipment exemption on the sale of petitioner's beds pursuant to a physician's prescription.

Petitioner filed a petition for redetermination with respondent, waived a formal hearing and submitted a stipulation of facts to respondent. Both respondent's decision and the stipulation of facts set forth the following facts about petitioner's beds: (1) in writing their prescriptions, physicians refer to petitioner's beds as "hospital beds"; (2) New York's Workers'

Compensation Board has approved expenditure of funds for the purchase of petitioner's beds as "necessary and related" to treatment of a covered medical condition; (3) Medicare has approved the expenditure of funds for petitioner's beds pursuant to physicians' prescriptions as "medically necessary" equipment; (4) various insurance companies have approved expenditure of funds for petitioner's beds when prescribed by physicians; (5) the New York State Health and Hospitals Corporation invited petitioner to submit a bid for 50 of its beds to be used as hospital beds; and (6) the Federal Food and Drug Administration approved petitioner's bed as a "medical device" and authorized petitioner to make promotional statements claiming its beds to be helpful in the relief of lower back pain, relief of everyday aches and pains, treatment of hiatal hernia, increase in blood circulation of the legs, and reduction of edema or swelling of the legs.

In due course, respondent rendered a decision adverse to petitioner, holding that petitioner's beds were not medical equipment eligible for the sales tax exemption under Tax Law § 1115 (a) (3). Petitioner then commenced this CPLR article 78 proceeding. As noted above, this case only concerns those beds sold pursuant to a physician's prescription.

Tax Law § 1105 (a) imposes a sales tax on the retail sale of tangible personal property. Tax Law § 1115 (a) (3) exempts from this sales tax medical equipment which is required to correct or alleviate physical incapacity. In this regard, 20 NYCRR 528.4 (e) provides that:

"(1) Medical equipment means machinery, apparatus and other devices * * * which are intended for use in the cure, mitigation, treatment or prevention of illnesses or diseases or the correction or alleviation of physical incapacity in human beings.

"(2) To qualify, such equipment must be primarily and customarily used for medical purposes and not be generally useful in the absence of illness, injury or physical incapacity.

"*Example 1:* Items such as hospital beds * * * are exempt medical equipment."

Petitioner argues that respondent's determination is not supported by substantial evidence. We agree. As indicated above, undisputed evidence was submitted that the Workers' Compensation Board, Medicare, the Federal Food and Drug Administration, and various insurance companies consider petitioner's beds to be medical equipment. Further, physicians prescribing petitioner's beds and the New York State Health

and Hospitals Corporation considered petitioner's beds as hospital beds. There was no evidence to refute that petitioner's beds were hospital beds, which beds are specifically exempt (20 NYCRR 528.4 [e] [2], example 1). The only support for respondent's determination was its assertion that 75% of the beds were sold for nonmedical purposes and, therefore, the beds were not "primarily" used for medical purposes, as required by 20 NYCRR 528.4 (e) (2). However, there is nothing in the record to support respondent's conclusion that 75% of petitioner's beds were used for nonmedical purposes. The only evidence was that 25% were sold pursuant to physicians' prescriptions. Obviously, a prescription is not needed to buy a hospital bed and, therefore, there is no inference that because it is purchased without a prescription it is being used for nonmedical purposes. Respondent's determination is not supported by substantial evidence and, accordingly, we should annul so much of the determination as petitioner challenged.

Having reached the above conclusion, we find it unnecessary to address petitioner's remaining contentions.

Determination modified, without costs, by annulling so much thereof as denied petitioner exemption from taxation for sale of its beds made pursuant to a physician's prescription; petition granted to that extent and matter remitted to respondent for further proceedings not inconsistent herewith; and, as so modified, confirmed. Kane, J. P., Main and Harvey, JJ., concur.

Yesawich, Jr., and Levine, JJ., dissent and vote to confirm in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent. Because it is the taxpayer who is charged with proving entitlement to a tax exemption (Matter of Young v Bragalini, 3 NY2d 602, 605; Matter of Blue Spruce Farms v New York State Tax Commn., 99 AD2d 867, affd 64 NY2d 682), petitioner was required to demonstrate that its adjustable beds are "primarily and customarily used for medical purposes and [are] not generally useful in the absence of illness, injury or physical incapacity" (20 NYCRR 528.4 [e] [2]); it failed to carry that burden.

Respondent's finding of fact that petitioner sells its adjustable beds both to the general public as a comfort bed and to others for medical therapy has a firm foundation in the record; it was stipulated that petitioner markets its beds to consumer groups which include "but are not limited to" those for whom the bed is a medical necessity. That these beds can be utilized to fulfill a useful medical purpose, as attested to by various agencies, does not, however, detract from the fact that

they obviously are also suitable for and are indeed used by the general public. As the legislative memorandum accompanying the enactment of Tax Law § 1115 (a) (3) indicates, the exemption of medical equipment from the sales tax is limited in scope and not every device employed to remedy or lessen physical infirmity and disability qualifies (memorandum of Assemblywoman Jean Amatucci, 1976 NY Legis Ann, at 343-344). While iron lungs, wheelchairs, dialysis machines and the like clearly do come within the exemption, it is doubtful that the Legislature intended the exemption to be extended to embrace humidifiers, air conditioners, swimming pools, vibrators, etc., even though prescribed by a physician. Respondent's regulation mandating that the equipment not be generally useful for nonmedical purposes (20 NYCRR 528.4 [e] [2]) not only gives practical construction to the legislation, but forecloses overextension of the exemption. Since petitioner has failed to demonstrate that its beds are not generally useful for other than medical purposes, respondent acted quite rationally when it concluded that petitioner's beds did not qualify for exemption. Accordingly, we would confirm the determination and dismiss the petition.