■ In the Matter of EUGENE W. GOODWILLIE, JR., et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner Eugene W. Goodwillie, Jr. (hereinafter petitioner) is a partner in the New York City law firm of White & Case. In 1978, petitioner was the resident partner in the firm's London, England, office. During that year, in addition to his distributive share of the partnership's income and a guaranteed foreign salary, petitioner received from White & Case a "foreign living allowance" of $9,534 and a "foreign education allowance" of $2,545. The "foreign living allowance" was, according to petitioner, paid to all White & Case employees working abroad in order to equalize their higher cost of living with the cost of living in New York City. The precise amount of each employee's living allowance was calculated using figures supplied by an independent corporation which specialized in providing data on the cost of living in different cities. Similarly, the "foreign education allowance" was paid to firm employees working abroad so that such employees would send their children to private schools at a cost comparable to what they would have paid in the United States.

The Audit Division of the Department of Taxation and Finance, treating both the foreign living and education allowances as part of petitioner's distributive share of partnership income, determined, *inter alia,* that petitioner and his wife owed an additional amount of $2,684.54 in income tax on account of such allowances. Respondent sustained the deficiency assessment, whereupon petitioner and his wife commenced this proceeding.

In reaching its determination that the amounts received by petitioner as foreign living and education allowances constituted part of his distributive share of partnership income, respondent took the position that such allowances were taxable as a portion of distributive share derived from a New York source under Tax Law § 637 (a) (1) by virtue of the special rule enunciated in Tax Law § 637 (b) (2).\* That special rule is applicable, however, only where the partnership agreement "allocates to the partner, as income or gain from sources outside New York, a greater proportion of his distributive share of partnership income or gain than the ratio of partnership income or gain from sources outside New York to partnership income or gain from all sources" (Tax Law § 637 [b] [2]). Here, apart from the fact that the partnership agreement itself is silent as to the allowances in question, we cannot conclude on the record before us that the payment of such allowances, which were made not only to White & Case partners but to all firm employees living abroad, had the effect, in and of itself, of allocating petitioner's distributive share of partnership income to sources without New York in any greater proportion than the partnership's allocation of its own income to non-New York sources *(see,* Tax Law § 637 [b] [2]; *Matter of Scobey v New York State Tax Commn.,* 95 AD2d 905, 906; *see also,* 20 NYCRR 134.2 [b]).

Accordingly, we conclude that respondent did not rely upon the proper statutory authority in taxing the allowances in question. While there may exist some other authority for imposing a tax on such allowances, our scope of review at this time is limited to considering only those grounds invoked by respondent. We may not confirm respondent's determination for reasons that it did not advance *(see, Matter of Parkmed Assoc. v New York State Tax Commn.,* 60 NY2d 935, 936;

---

\* In its determination, respondent also made the overly broad statement that any payment by a partnership to one of its partners always constitutes a portion of that partner's distributive share. If such a blanket statement were true, Tax Law § 637 and the case law that has developed thereunder would be unnecessary and useless.

*Matter of Martin [Roberts],* 112 AD2d 566, 567; *Matter of Trachtenberg v New York State Tax Commn.,* 107 AD2d 57, 59).

Determination annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.