OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff conceded that he was "a person required” to collect sales tax and was consequently personally liable for any such *1006 tax that was or should have been collected (Tax Law § 1131 [1]; § 1132 [a]; § 1133 [a]). It follows that plaintiff was also subject to Tax Law § 1145, which provides that "[a]ny person failing * * * to pay or pay over any tax * * * shall be subject to a penalty * * * [and] interest” on the amount of unpaid tax. Plaintiffs contention that in this context the "person” referred to in section 1145 is the corporate entity on which the tax obligation was initially imposed is belied by the language and import of subdivision (a) (7). Under that subdivision, penalties and interest are to be "collected and enforced in the same manner as the tax.” Since the obligation to pay the tax may be enforced against plaintiff personally, so too can the assessed penalties and interest.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs, in a memorandum.