■ In the Matter of THOMAS LAYDEN et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [642 NYS2d 449] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of the Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

During the time period at issue here, petitioners were the president and vice-president of Dane & Murphy, Inc. (hereinafter the company), a moving and storage company that declared bankruptcy in 1987. For the years 1985, 1986 and 1987, withholding tax returns were filed on behalf of the company, but the taxes were never remitted. Because of their corporate offices, petitioners were subject to penalties imposed in the amount of the taxes not remitted on behalf of the company (*see*, Tax Law § 685 [g]).

In June 1990, the Division of Taxation and Finance issued notices of deficiency to each petitioner covering the tax years 1985, 1986 and 1987, imposing penalties totalling $32,880.72. The penalties imposed in 1990 for the tax years 1985 and 1986, totalling $23,296.55, were issued more than three years from the dates that the company filed its withholding tax returns for 1985 and 1986. Petitioners contended that the imposition of these penalties was barred by Tax Law § 683 (a), which provides a three-year Statute of Limitations for the assessment of unpaid taxes. An administrative hearing resulted in a deter-

mination which, *inter alia,* sustained the assessment of the penalties. This determination was confirmed by respondent Tax Appeals Tribunal. Petitioners then commenced the instant CPLR article 78 proceeding.

The issue raised herein was originally determined by this Court in *Matter of Wolfstich v New York State Tax Commn.,* 106 AD2d 745). There, it was held that the three-year Statute of Limitations set forth in Tax Law § 683 (a) does not apply to the imposition of penalties against corporate officers under Tax Law § 685 (g) (*see, supra,* at 747). It was further noted that "the penalty imposed against [a] petitioner as a corporate officer is entirely distinct from an earlier assessment against the corporation [and] * * * need not be assessed within any particular period after the corporate assessment is made" (*supra,* at 747; *see, Rosenberg v United States,* 327 F2d 362; *see also, Matter of Yellin v New York State Tax Commn.,* 81 AD2d 196, 198). Petitioners have failed to establish that the holding in *Matter of Wolfstich v New York State Tax Commn. (supra)* is not controlling here.

White, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs.