■ In the Matter of DONG MING LI et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [883 NYS2d 735]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which determined that petitioners were not entitled to a reduction in their individual liability as responsible persons on behalf of the corporation.

Petitioners were corporate officers of Yan's Chinese Buffet, Inc., which operated a restaurant. The Division of Taxation audited the corporation and determined that it underreported and underpaid its sales tax by $75,411 during several quarters between 1995 and 1997. Each petitioner pleaded guilty to one count of petit larceny in satisfaction of charges stemming from the corporation's failure to pay sales tax. As part of the criminal case, petitioners collectively paid $20,000 of the outstanding tax obligation as restitution and signed confessions of judgment for the remaining tax. The corporation was dissolved in 1998. In 2001, the corporation and each petitioner were sent notices that the corporation owed taxes, penalties and interest totaling $179,051.18, for which two petitioners were found to be fully responsible and one was responsible for all but one quarter's worth of tax and associated amounts.

In 2002, the Legislature enacted a tax amnesty program which granted some taxpayers the opportunity to have penalties and part of the interest waived if they paid the outstanding tax obligation and a portion of the interest (see L 2002, ch 85, part R). Taxpayers who were convicted of a crime related to the underlying tax were not eligible for amnesty (see L 2002, ch 85, part R). The corporation applied to the Division for amnesty and the request was granted. As a result, the corporation paid the reduced amount of $92,097.40 in satisfaction of its liability to the Division. The Division then sent notices to petitioners demanding that they personally pay the remaining penalties and interest owed on the account.

Petitioners individually applied for revision of their liability. The Administrative Law Judge (hereinafter ALJ) granted the petitions, concluding that because petitioners' obligations were derived from the corporation and the corporation had met its obligation, petitioners cannot owe anything either. On the Division's administrative appeal, respondent Tax Appeals Tribunal reversed the ALJ's determination. Petitioners commenced this proceeding seeking annulment of the Tribunal's determination.

Petitioners concede that, as corporate officers, they are personally liable for the corporation's tax obligations (see Tax Law § 1131 [1]; § 1133 [a]; *Matter of Coppola v Tax Appeals Trib. of State of N.Y.*, 37 AD3d 901, 902-903 [2007]). Parties responsible for sales and use tax are similarly liable for penalties and interest accrued on any unpaid taxes (see Tax Law § 1145 [a] [7]; *Lorenz v Division of Taxation of Dept. of Taxation & Fin. of State of N.Y.*, 212 AD2d 992, 992-993 [1995], *affd* 87 NY2d 1004 [1996]). Petitioners themselves were ineligible for

amnesty based upon their convictions in relation to the tax in question (*see* L 2002, ch 85, part R, § 1 [f]). The liability of corporate officers is separate and distinct from that of the corporation (*see Matter of Yellin v New York State Tax Commn.*, 81 AD2d 196, 198 [1981]). While an officer's liability will be reduced if the Division "determines or redetermines that the amount of tax claimed [from the corporation] is erroneous or excessive" (Tax Law § 1138 [a] [3] [B]), here the Division did not determine that the computation of the corporation's tax liability was erroneous or excessive. Rather, the reduction in amount collected from the corporation was due to a legislatively imposed compromise of the taxes, penalties and interest owed (*cf. Matter of Joint Diseases N. Gen. Hosp. [Department of Taxation & Fin. of State of N.Y.]*, 148 AD2d 873, 876 [1989]). The Division did not determine that the penalties or interest should not be collected from any other taxpayer, such as petitioners. This was not a settlement voluntarily agreed to by the Division, but was more akin to an involuntary discharge of a corporation's debt in bankruptcy (*cf. id.* at 876; *compare Matter of Mackiewicz*, Tax Appeals Tribunal, DTA No. 820277, June 7, 2007 [Division's conciliation conferee's reduction of penalties and interest of corporation required similar reduction in liability for corporate officer], *with Matter of Yellin v New York State Tax Commn.*, 81 AD2d at 198-199 [corporation's payment of reduced amount as part of bankruptcy did not lower corporate officer's liability]). In the latter situation, the Division may still hold corporate officers accountable for the unpaid taxes, penalties and interest. Thus, the Division was not required to reduce petitioners' liability when it accepted the amnesty amount from the corporation. The Tribunal's determination must be upheld as it was supported by substantial evidence (*see Matter of Cohen v State Tax Commn.*, 128 AD2d 1022, 1023-1024 [1987]; *Matter of Yellin v New York State Tax Commn.*, 81 AD2d at 199).

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.