*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                521443
_____

In the Matter of BLACKHAT
    CHIMNEY & FIREPLACE, INC.,
                    Petitioner,
         v                                    MEMORANDUM AND JUDGMENT

TAX APPEALS TRIBUNAL OF THE
    STATE OF NEW YORK et al.,
                    Respondents.
_____

Calendar Date:  October 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Justin S. White, Williamsville, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for Commissioner of Taxation and Finance, respondent.

_____

McCarthy, J.P.

        Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a sales and use tax assessment imposed under Tax Law articles 28 and 29.

        Petitioner is involved in the sale, repair and installation of chimneys and fireplaces.  In October 2008, petitioner was informed that it would undergo a tax audit by the Department of Taxation and Finance to review petitioner's sales and use tax liability.  Upon completion of the audit, the Department assessed petitioner with additional tax liability, interest and penalties in the amount of $85,652.89.  Petitioner submitted a petition

with the Division of Tax Appeals seeking a revision of the tax determination. After a full hearing on the matter, an Administrative Law Judge found the assessment proper. Respondent Tax Appeals Tribunal upheld that determination. Petitioner thereafter commenced this CPLR article 78 proceeding in this Court.

Petitioner's contention that there were "too many errors" to sustain the assessment is without merit. "Every person required to collect tax shall keep records of every sale" and make such records "available for inspection and examination at any time upon demand by the tax commission or its duly authorized agent or employee" (Tax Law § 1135 [a-g]). "Upon an audit . . . the [Department] is required to request appropriate records and . . . determine whether such materials are capable of supporting a complete audit. Should the records produced by the taxpayer prove to be insufficient to verify taxable sales receipts and conduct a complete audit, the [Department] may rely upon external indices to estimate the correct amount of tax due. Where, as here, an indirect audit method has been employed, the taxpayer challenging such an audit has the burden of establishing by clear and convincing evidence that the audit method or tax assessment was erroneous" (Matter of Wolkowicki v New York State Tax Appeals Trib., 136 AD3d at 1228 [internal quotation marks and citations omitted]; see Tax Law § 1138 [a] [1]; Matter of Hwang v Tax Appeals Trib. of the State of N.Y., 105 AD3d 1151, 1153 [2013]).[1] Even where a petitioner is able to show that some of the auditor's calculations were imprecise, "where the taxpayer's own failure to maintain proper records prevents exactness in determination of sales tax liability, exactness is not required" (Matter of Meyer v State Tax Commn., 61 AD2d 223, 402 [1978]; see Matter of Wolkowicki v New York State Tax Appeals Trib., 136 AD3d at 1228). Additionally, this Court's review of the issue of penalties "is limited to assuring that the assessment of the penalty determination was supported by substantial evidence and is not arbitrary or capricious" (Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y., 19 AD3d at 886, 889; see

---

[1] Petitioner does not argue that it provided records capable of supporting a direct audit.

Matter S.H.B. Super Mkts. v Chu, 135 AD2d 1048, 1050 [1987]).

Substantial evidence supports the determination that petitioner failed to establish by clear and convincing evidence that the audit method was erroneous in a manner detrimental to him. Initially, the record reflects that the auditor requested certain documents with the expense totals and cost of goods sales at least a year prior to finalizing the tax assessment, and petitioner and its representative repeatedly failed to provide the necessary documents. The insufficiency of the records provided necessitated the use of gross sales totals in the calculations. Otherwise, as respondent Commissioner of Taxation and Finance recognizes, the auditor made a calculation error by using an 11-month test period for his calculation rather than the agreed upon eight-month test period. However, it is uncontroverted that this error had the effect of lowering petitioner's tax liability, and therefore petitioner is not entitled to any relief. Finally, although petitioner points to evidence presented of an alternative method for estimating tax liability, even if that method was proper, "[t]he use of an otherwise acceptable audit method is not rendered unreasonable merely because a different audit methodology might provide a more precise estimate of tax liability" (Matter of MacLeod v Megna, 75 AD3d 928, 930 [2010] [internal quotation marks and citation omitted]). As substantial evidence supports the determination, we find no basis to disturb it (see Matter of Dong Ming Li v Commissioner of Taxation & Fin., 65 AD3d 763, 765 [2009]).

Likewise, we will not disturb the penalty imposed. The record reflects that the insufficiencies of petitioner's record-keeping system were brought to petitioner's attention during a previous audit. Moreover, petitioner failed to show any reasonable cause for continuing to use that same record-keeping system despite the prior notice of its insufficiency (see Matter of Hwang v Tax Appeals Trib. of the State of N.Y., 105 AD3d at 1154). Petitioner's remaining contentions have been considered and are without merit.

Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court