■ In the Matter of SHUAI YIN, Petitioner, v STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [57 NYS3d 728]—

Garry, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining sales and use tax assessments imposed under Tax Law articles 28 and 29.

Petitioner is the sole owner and president of Capital One Construction, Inc., a general contractor engaged in the construction of commercial and residential properties. The Division of Taxation of respondent Department of Taxation and

Finance audited the records of Capital One with respect to its sales and use tax liability, for the period between March 1, 2004 and February 28, 2010, and issued notices of determination to petitioner and Capital One assessing sales and use tax liability of approximately $460,000 with penalties and interest, for a total liability of approximately $1 million. Petitioner and Capital One disputed the notices of determination and, following a hearing, an Administrative Law Judge sustained the notices in their entirety. Respondent Tax Appeals Tribunal modified by slightly reducing the aggregate amount of the sales and use tax liability and otherwise upheld the determination. Petitioner thereafter commenced this CPLR article 78 proceeding in this Court challenging the Tribunal's determination.*

As relevant here, a sales tax is imposed on every "retail sale" of tangible personal property (Tax Law § 1105 [a]; *see Matter of Wolkowicki v New York State Tax Appeals Trib.*, 136 AD3d 1223, 1227 [2016]), and a use tax is imposed on tangible personal property purchased at retail that is not subject to sales tax and is used within the state (*see* Tax Law § 1110 [a]; 20 NYCRR 531.1). All purchases and sales of tangible personal property and enumerated services are "subject to tax until the contrary is established, and the burden of proving that any receipt . . . is not taxable . . . shall be upon the person required to collect tax *or the customer*" (Tax Law § 1132 [c] [1] [emphasis added]; *see* 20 NYCRR 532.4 [b] [1], [2]). Although sales tax is generally required to be collected by sellers, a customer who fails to pay sales tax to the person required to collect it must, instead, file the appropriate return and pay the tax directly (*see* Tax Law § 1133 [b]; 20 NYCRR 532.1 [e]).

At the outset of the audit, the Department advised Capital One that it was required to provide the auditor with all relevant books and records, including tax returns, the general ledger, and sales and purchase invoices. However, Capital One had no ledger for part of the audit period and did not have complete sales and purchase invoices for the entire audit period. As a result of these and other deficiencies, the auditor determined that Capital One's records were inadequate to permit a direct audit, and resorted instead to indirect audit techniques that included the use of representative test periods to review Capital One's sales and expense records. Following

---

* Capital One initially joined in the CPLR article 78 proceeding, but, upon the Department's motion, this Court dismissed the petition as to Capital One due to its failure to post a deposit or an undertaking (*see* Tax Law § 1138 [a] [4]) and allowed petitioner to file an amended petition solely on his own behalf.

this review, the auditor determined that Capital One's gross sales were not subject to sales tax, as the jobs it performed qualified as capital improvements to real property, but that additional tax was due on its purchases during the audit period, in particular on certain expense and asset purchases.

Initially, we reject petitioner's contention that the auditor wrongly concluded that use tax was due on the purchase of a $35,000 automobile. Petitioner contends that the automobile was shipped to China shortly after it was purchased and was never used in New York, but a tax return filed by Capital One in 2006 contradicted that claim, stating that the automobile—described in the return as transportation equipment—was placed in the service of Capital One's business. The sole proof produced by petitioner to demonstrate that the car was shipped to China was a notarized letter from the seller, dated in 2012 and unsupported by shipping records, purchase invoices or any other form of documentation. Issues of credibility are "for the taxing authority to resolve" (*Matter of Wolkowicki v New York State Tax Appeals Trib.*, 136 AD3d at 1229 n 6 [internal quotation marks and citation omitted]), and we find no error in this determination.

Next, petitioner argues that certain sales taxes assessed on invoices from a particular supplier should be reduced by the amount of tax that the supplier should have paid. Contrary to the requirements of Tax Law § 1132 (a), however, the supplier's invoices stated that a sales tax was included in the total invoice amount and did not separately set out the amount of the sales tax due. Under such circumstances, "the entire amount charged is deemed the sales price of the property sold or services rendered" (20 NYCRR 532.1 [b] [3]; *see Matter of Lake Grove Entertainment, LLC v Megna*, 81 AD3d 1191, 1193 [2011]; *Matter of Noar Trucking Co. v State Tax Commn.*, 139 AD2d 869, 871-872 [1988]). As petitioner did not sustain his burden to show that the sales tax was paid, the amount due was properly assessed against Capital One and petitioner (*see Matter of Food Concepts v State Tax Commn.*, 122 AD2d 371, 373 [1986], *lv denied* 68 NY2d 610 [1986]; *Matter of Albany-Edison Oxygen Co. v Tully*, 58 AD2d 933, 934 [1977], *revd on other grounds* 44 NY2d 988 [1978]; 20 NYCRR 532.1 [e]).

We reject petitioner's contention that no sales tax was due on invoices issued by two other entities because they represented materials provided by subcontractors who were performing capital improvement work. Initially, no documentation in the record provides factual support for petitioner's claim that the invoices reflected capital improvements. Further, the sales

tax exemption for materials purchased from a contractor or subcontractor during capital improvements applies to the end customer only, not to transactions between contractors and subcontractors (*see* Tax Law § 1115 [a] [17]; *see generally Matter of Lake City Manufactured Hous. v State of N.Y. Tax Appeals Trib.*, 184 AD2d 33, 35-36 [1992]; *Pyramid Co. of Auburn v Chu*, 177 AD2d 970, 970-971 [1991]). Contrary to petitioner's argument, a contractor's responsibility to pay a sales tax on materials is not affected by 20 NYCRR 541.5 (d) (1) (iii), which, by its terms, has no bearing on the purchase of materials as opposed to charges for services. Instead, the Tax Law defines sales to contractors or subcontractors "for use or consumption in erecting structures or buildings, or building on, or otherwise adding to, altering, improving, maintaining, servicing or repairing real property" as retail sales subject to sales and use tax (Tax Law § 1101 [b] [4] [i]; *see* 20 NYCRR 541.1 [b]).

Next, the record does not support petitioner's claim that certain invoices reflected nontaxable rental deposits on cylinders. The invoices make no reference to deposits, but instead list types of cylinders, unit prices, and the numbers of cylinders shipped and returned. In contrast, the record includes another invoice—conceded by the Department to reflect a nontaxable deposit—which specifically identifies an amount paid as a propane tank deposit. We likewise reject petitioner's claim that two invoices should not have been included in the March 2008 test period for construction material expenses on the ground that the dates on the invoices were outside that time period. The auditor explained that she examined transactions during March 2008, rather than invoices dated during that month, and the general ledger entries corresponding to both invoices, as well as a canceled check pertaining to one of them, are dated during that time period. Accordingly, both of these determinations are "rationally based upon and supported by substantial evidence" (*Matter of Ingle v Tax Appeals Trib. of the Dept. of Taxation & Fin. of the State of N.Y.*, 110 AD3d 1392, 1393 [2013] [internal quotation marks and citation omitted]).

Petitioner further contends that payments to two suppliers in the total amounts of $70,000 and $190,000, respectively, were nontaxable cash exchanges rather than purchases. However, petitioner acknowledged that his bookkeeper had falsified purchase invoices related to the payments to one of the suppliers. Petitioner submitted no documentation other than the fabricated invoices to support his claim that some of the cash was used for nontaxable purchases of auto parts that

were intended for resale, although ultimately not resold, and this Court defers to the Tribunal's resolution of such matters of credibility (*see id.*). Many of the receipts and other documents that petitioner submitted to support his claims that the remainder of the cash was spent in nontaxable transactions were barely legible, written in another language, or unidentified, and most made no reference to the payment of tax. Petitioner thus failed to meet his "burden of establishing by clear and convincing evidence that the . . . tax assessment [was] erroneous" (*Matter of Lombard v Commissioner of Taxation & Fin.*, 197 AD2d 799, 800 [1993]; *accord Matter of Hwang v Tax Appeals Trib. of the State of N.Y.*, 105 AD3d 1151, 1153 [2013]).

As for petitioner's challenge to the penalty and interest imposed by the Department, a taxpayer may be relieved of a penalty if a failure to pay was "due to reasonable cause and not due to willful neglect" (Tax Law § 1145 [a] [1] [iii]). Petitioner argues, among other things, that some of the missing records resulted from the theft of company computers, and further, that, in part as a result of a language barrier, petitioner believed in good faith that Capital One was not liable for sales and use taxes. However, the computers were stolen in September 2007, and the test periods in which deficient record-keeping was revealed all fell after that time. Neither ignorance of the law nor the good faith advancement of a reasonable legal theory constitutes reasonable cause in the absence of the taxpayer's efforts to ascertain the proper tax liability (*see Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y.*, 56 AD3d 908, 911 [2008], *lv denied* 12 NY3d 703 [2009]; *Matter of Rubin v Tax Appeals Trib. of State of N.Y.*, 29 AD3d 1089, 1091-1092 [2006]). It was petitioner's burden to demonstrate that the penalty was improper (*see Matter of Cook v Tax Appeals Trib. of State of N.Y.*, 222 AD2d 962, 964-965 [1995]), and, in view of Capital One's failures to maintain adequate records, file sales tax returns or attempt to ascertain the position of the Department in this regard, we find no basis on which to disturb the imposition of a penalty (*see Matter of Felix Indus. v State of N.Y. Tax Appeals Trib.*, 183 AD2d 203, 206-207 [1992]).

Peters, P.J., Devine, Mulvey and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.