Matter of Zuckerman v Tax Appeals Trib. of The State of New York (2019 NY Slip Op 05602)





Matter of Zuckerman v Tax Appeals Trib. of The State of New York


2019 NY Slip Op 05602


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

526059

[*1]In the Matter of MICHAEL ZUCKERMAN et al., Petitioners,
v
TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Michael Zuckerman and Shari Zuckerman, Shohola, Pennsylvania, petitioners pro se.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for Commissioner of Taxation and Finance, respondent.



MEMORANDUM AND JUDGMENT
Pritzker, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining sales and use tax assessments imposed under Tax Law articles 28 and 29.
Petitioner Titan Elevator & Lifts LLC engages in the purchase, sale, installation and servicing of, among other things, elevators and dumbwaiters. Titan was not registered as a sales tax vendor and did not pay sales or compensating use taxes on the purchase of the elevators or other products it installed. In January 2010, the Department of Taxation and Finance notified petitioner Shari Zuckerman, a partner in Titan, that a sales and use tax field audit would be conducted of Titan's financial books and records, and it required Titan to provide various records for the audit period of December 1, 2003 to November 30, 2009. Numerous written requests for production of records followed.
Following the audit, the Department determined that Titan's sales and purchase records were inadequate because it did not provide the sales records for the entire audit period; specifically, Titan failed to provide sales or purchase invoices for the years 2004 through 2006, 2008 and 2009. Using the 2007 tax year as its test period because that was the only year for which Titan provided sale invoices, the Department concluded that Titan did not pay sales tax on elevators and dumbwaiters during the audit period. The Department also concluded that all of Titan's services and maintenance sales were taxable because Titan failed to adequately document that the elevators being serviced were utilized by individuals with disabilities. Because sales tax was not paid or reported, Titan was assessed tax deficiencies on all materials used for capital improvements for the entire audit period.
In May 2012, the Department sent notices of determination to petitioners that assessed sales and use taxes totaling approximately $204,700, plus interest and penalties. Petitioners thereafter filed petitions for redetermination, and, following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the notices of determination, finding that petitioners failed to establish by clear and convincing evidence that the Department's method of estimating the sales tax was unreasonable or erroneous and that petitioners failed to establish their entitlement to a sales tax exemption for medical and prosthetic aids. Petitioners thereafter filed an exception to the ALJ's determination. Following oral argument, respondent Tax Appeals Tribunal affirmed the ALJ's decision and sustained the notices of determination, concluding, among other things, that the Department properly used the 2007 sales invoices and expense purchases to estimate Titan's tax liability, that the tax exemption was inapplicable and that penalties were appropriately imposed. Petitioners then commenced this CPLR article 78 proceeding challenging the Tribunal's determination.
It is well settled that "this Court's review of the Tribunal's determination is limited to whether 'it has a rational basis and is supported by substantial evidence'" (Matter of Spiezio v Commissioner of Taxation & Fin. of the State of N.Y., 165 AD3d 1502, 1503 [2018], quoting Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 965 [2017]; see Matter of Prima Asphalt Concrete, Inc. v New York State Tax Appeals Trib., 162 AD3d 1281, 1282 [2018], lv denied 32 NY3d 914 [2019]). "Upon review, this Court will defer to the Tribunal's determinations regarding witness credibility and the weight to be accorded the evidence" (Matter of Ingle v Tax Appeals Trib. of the Dept. of Taxation & Fin. of the State of N.Y., 110 AD3d 1392, 1393 [2013] [citations omitted]; see Matter of Wolkowicki v New York State Tax Appeals Trib., 136 AD3d 1223, 1230-1231 [2016]).
We turn first to petitioners' contention that the indirect tax audit methodology used by the Department was erroneous. "Every person required to collect tax shall keep records of every sale . . . and of all amounts paid, charged or due thereon and of the tax payable thereon, in such form as [respondent] [C]ommissioner of [T]axation and [F]inance may by regulation require" (Tax Law § 1135 [a] [1]). "Upon an audit of a taxpayer's transactions, the [Department] is required to request appropriate records and undertake a sufficient investigation thereof in order to determine whether such materials are capable of supporting a complete audit" (Matter of Wolkowicki v New York State Tax Appeals Trib., 136 AD3d at 1228 [internal quotation marks and citation omitted]; compare Matter of King Crab Rest. v Chu, 134 AD2d 51, 52-53 [1987]). However, "[s]hould the records produced by the taxpayer prove to be insufficient to verify taxable sales receipts and conduct a complete audit" (Matter of Wolkowicki v New York State Tax Appeals Trib., 136 AD3d at 1228 [internal quotation marks and citation omitted]), the Department is permitted to estimate the tax due "from such information as may be available" (Tax Law § 1138 [a] [1]; see Matter of MacLeod v Megna, 75 AD3d 928, 930 [2010]). "Where, as here, an indirect audit method has been employed, the taxpayer challenging such an audit has the burden of establishing by clear and convincing evidence that the audit method or tax assessment was erroneous" (Matter of Blackhat Chimney & Fireplace, Inc. v Tax Appeals Trib. of the State of N.Y., 145 AD3d 1213, 1214 [2016] [internal quotation marks and citations omitted]; accord Matter of Hwang v Tax Appeals Trib. of the State of N.Y., 105 AD3d 1151, 1153 [2013].
It is clear from the record that the Department requested certain documents pertaining to the years at issue numerous times, but petitioners failed to produce — for several years — many of those documents, including a general ledger, merchandise purchase invoices, sales invoices, exemption documents supporting nontaxable sales and a cash receipts journal. In fact, petitioners failed to provide the sales or purchase invoices for all but one of the years being audited. Petitioners' failure to provide these documents so that the Department could properly audit Titan gave the Department authority to create reasonable methods to estimate the tax liability (see Matter of Wolkowicki v New York State Tax Appeals Trib., 136 AD3d at 1228-1230). As such, the Department properly utilized the 2007 tax year as the test period to gather much of its estimates, because it was the only year for which petitioners provided sufficient information, and petitioners have failed to establish that this audit method was unreasonable or [*2]that the amount of tax assessed was inaccurate (see id. at 1229-1230; Matter of Hwang v Tax Appeals Trib. of the State of N.Y., 105 AD3d at 1153). Given these facts, we find that it was wholly appropriate for the Department to utilize an indirect audit methodology (see Matter of Blackhat Chimney & Fireplace, Inc. v Tax Appeals Trib. of the State of N.Y., 145 AD3d at 1214-1215; Matter of Wolkowicki v New York State Tax Appeals Trib., 136 AD3d at 1229).
Likewise, we find petitioners' assertion that they are entitled to the medical equipment or prosthetic device tax exemption equally unavailing. "The taxpayer seeking an exemption bears the burden of demonstrating entitlement" (Matter of Lake Grove Entertainment, LLC v Megna, 81 AD3d 1191, 1192 [2011] [citation omitted]; see Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y., 69 AD3d 996, 997 [2010]), "and, unless that burden is met, the statute authorizing the exemption will be strictly construed against the taxpayer, although the interpretation should not be so narrow and literal as to defeat its settled purpose" (Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d 1154, 1155 [2008] [internal quotation marks and citations omitted]; see Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y., 56 AD3d 908, 909-910 [2008], lv denied 12 NY3d 703 [2009]). As relevant here, Tax Law § 1115 (a) (3) and (4) exempt from sales tax the sale of medical equipment and prosthetic aids. To establish entitlement to these exemptions, the taxpayer is "required to demonstrate that [the medical equipment or prosthetic device is] 'primarily and customarily used for medical purposes and [is] not generally useful in the absence of illness, injury or physical incapacity'" (Matter of Craftmatic Comfort Mfg. Corp. v New York State Tax Commn., 118 AD2d 995, 997 [1986] [dissenting mem], revd on dissenting mem below 69 NY2d 755 [1987], quoting 20 NYCRR 528.4 [e] [2]).
Petitioners' contention that a Department publication entitles Titan to a tax exemption is misguided. Although the publication exempts elevators that are used as a prosthetic device by an individual with a disability in a residence, petitioners failed to put forth any evidence establishing their entitlement to this exemption (see Matter of Craftmatic Comfort Mfg. Corp. v New York State Tax Commn., 118 AD2d at 997-998; see generally Matter of Dental Socy. of State of N.Y. v New York State Tax Commn., 148 AD2d 791, 793-794 [1989]). In fact, the record reveals that the elevators installed by petitioners were not all installed in residences, nor were they designed as prosthetic devices for any particular person. Moreover, even though petitioners contend that the elevators were intended for disabled people, the Department's investigation revealed that one of the elevators installed by petitioners for disabled individuals at a country club was also used by individuals without disabilities. Although petitioners submitted letters to support their position, these letters were of minimal value as they were undated, contained the same exact wording, did not explain the individual's disability or why the elevator was being purchased by the customer [FN1]. Therefore, given that petitioners failed to demonstrate that the elevators they installed were "not generally useful for other than medical purposes" (Matter of Craftmatic Comfort Mfg. Corp. v New York State Tax Commn., 118 AD2d at 998), the Tribunal's determination that petitioners were not entitled to the medical equipment or prosthetic device exemption has a rational basis and is supported by substantial evidence (see Matter of Modern Refractories Serv. Corp. v Dugan, 164 AD2d 69, 72 [1990]; see also Matter of Spiezio v Commissioner of Taxation & Fin. of the State of N.Y., 165 AD3d at 1503).
Finally, we are unpersuaded by petitioners' contention that the assessed penalties are unreasonable. Although "a taxpayer may be relieved of a penalty if a failure to pay was 'due to reasonable cause and not due to willful neglect'" (Matter of Shuai Yin v State of N.Y. Dept. of Taxation & Fin., 151 AD3d 1497, 1501 [2017], quoting Tax Law § 1145 [a] [1] [iii]; see Matter of Luongo v Tax Appeals Trib. of the State of N.Y., 117 AD3d 1286, 1289 [2014]), "[n]either ignorance of the law nor the good faith advancement of a reasonable legal theory constitutes reasonable cause in the absence of the taxpayer's efforts to ascertain the proper tax liability" [*3](Matter of Shuai Yin v State of N.Y. Dept. of Taxation & Fin., 151 AD3d at 1501; see Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y., 56 AD3d at 910-911). Inasmuch as petitioners merely advance good faith as their sole argument as to why the penalties imposed are unreasonable, petitioners have failed to satisfy their burden to demonstrate that the penalties imposed were improper (see Matter of Shuai Yin v State of N.Y. Dept. of Taxation & Fin., 151 AD3d at 1501; Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y., 56 AD3d at 910-911). Accordingly, we find no basis upon which to disturb the imposition of the penalties (see Matter of Shuai Yin v State of N.Y. Dept. of Taxation & Fin., 151 AD3d at 1501; Matter of Felix Indus. v State of N.Y. Tax Appeals Trib., 183 AD2d 203, 206-207 [1992]). Petitioners' remaining contentions have been examined and found to be without merit.
Egan Jr., J.P., Lynch, Clark and Devine, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: One such letter contained crossed out words that were replaced with handwritten terms. The Department's investigation revealed that the owner of the establishment who signed the letter denied making any of the changes.