Newman v Newman (2022 NY Slip Op 00731)





Newman v Newman


2022 NY Slip Op 00731


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 655945/20 Appeal No. 15207 Case No. 2021-03238 

[*1]Charles Newman, Individually and Derivatively on Behalf of Port Parties, Ltd., Plaintiff-Respondent,
v
Harvey Newman, et al., Defendants-Appellants, Port Parties, Ltd., Nominal Defendant.


The Janey Law Firm LLP, New York (Derrelle M. Janey of counsel), for appellants.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York (John D. D'Ercole of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about July 16, 2o21, which, to the extent appealed from, denied defendants' motion to dismiss plaintiff's individual causes of action for breach of fiduciary duty, unjust enrichment, and a constructive trust, unanimously affirmed, with costs.
The motion court correctly determined that plaintiff's individual claims for breach of fiduciary duty, unjust enrichment, and constructive trust were not duplicative of the derivative claims asserted on behalf of nominal defendant Port Parties Ltd. and therefore, that plaintiff's individual claims could proceed based on the allegations that he, individually, was exposed to personal criminal and civil liability as a result of defendants' conduct (see Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]; see also Gjuraj v Uplift El. Corp., 110 AD3d 540, 540 [1st Dept 2013]). The alleged harm to plaintiff — namely, potential personal civil and criminal liability as a result of defendants' alleged misappropriations from the corporation — is an individual harm sufficiently "separate and distinct" from the harm suffered by the corporation on account of defendants' failure to pay certain state and federal taxes (see Matter of Yellin v New York State Tax Commn., 81 AD2d 196, 198 [3d Dept 1981]). Likewise, the benefit the corporation seeks to recover on its claim to compensate it for the alleged failure to pay certain taxes would not necessarily be the same benefit sought by plaintiff, who seeks the resolution of the potential civil and criminal liability for the conduct alleged. Indeed, "[f]ederal courts consider the penalty imposed upon individuals for willful failure to pay withholding taxes to be neither derivative of nor secondary to the corporate employer's liability for the same tax" (id.).
Additionally, the amended complaint pleads facts sufficient to support an independent breach of fiduciary duty owed to plaintiff, separate from that owed to the corporation. Given the allegations that the nominal defendant corporation was a closely-held family business co-owned by plaintiff and his father, who is also a defendant, a separate fiduciary duty arises from their status as family members (see e.g. Braddock v Braddock, 60 AD3d 84, 88 [1st Dept 2009], appeal withdrawn 17 NY3d 780 [2009]; see also Venizelos v Oceania Mar. Agency, Inc., 268 AD2d 291, 292 [1st Dept 2000]). Because plaintiff alleges an independent duty, his breach of fiduciary duty claim is not "inextricably embedded" in the derivative claims (Serino v Lipper, 123 AD3d 34, 41 [1st Dept 2014]). In such circumstances, the alleged harm to plaintiff differs from that of the arm's length shareholder whose stock value would be affected by the individual defendants' conduct (see Yudell, 99 AD3dat 114). Here, because the amended complaint specifically alleges that plaintiff could face personal liability arising from defendants' actions, the alleged harm is sufficiently "separate and [*2]distinct" to constitute an individual harm to plaintiff, with distinct benefits to plaintiff and the corporation if each were to prevail.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022